1  JUDITH DROZ KEYES (CA State Bar No.66408)
   ANNE DAHLGREN (CA State Bar No. 261390)
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California  94111
   Telephone:     (415) 276-6500
4  Facsimile:     (415) 276-6599
   Email:         jkeyes@dwt.com
5                 annedahlgren@dwt.com

6  Attorneys for Defendant
7  CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| MABLE STEINER, | ) Case No. 2:13-cv-1457-JAM-KJN-PS |
|---|---|
| Plaintiff, | ) **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| v. | ) Date: January 16, 2014 |
| VERIZON WIRELESS (VAW) LLC, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | ) Time: 10:00 a.m.<br>) Courtroom: 25<br>) Hon. Kendall Newman |
| Defendants. | ) |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 16, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Kendall J. Newman of the United States District Court for the Eastern District of California, located in Courtroom 25, 501 "I" Street, Sacramento, CA 95814, Defendant Cellco Partnership d/b/a Verizon Wireless, incorrectly sued herein as defendants Verizon Wireless (VAW) LLC, Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon Wireless") will, and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Third Amended Complaint ("TAC") filed by Plaintiff Mable Steiner with respect to all of the erroneously named defendants.

The TAC fails to state a cognizable claim in two key respects.  First, Plaintiff has not alleged the basis for the Court's jurisdiction as she is required to do, but even so, she lacks any basis to allege jurisdiction for her claims inasmuch as they arise out of, or are related to, a workplace injury and such claims are covered by California's Workers' Compensation Act, Cal. Lab. Code. § 3200, *et seq.* ("WCA"), and within the *exclusive* jurisdiction of the California Workers' Compensation Appeals Board ("WCAB").  Even if this Court had jurisdiction to hear these claims, which it does not, Plaintiff is barred under the rule of comity from pursuing such claims simultaneously before this Court and the WCAB.  Furthermore, any claim arising under the WCA is time-barred.

Second, the TAC fails to plead facts sufficient to allege a facially plausible claim for relief under the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA").  The TAC states no facts sufficient to support a claim that Verizon Wireless discriminated against Plaintiff due to a disability, but instead states facts relating to Plaintiff's workers' compensation claim which she attempts to reformulate as a disability discrimination claim.  Because the TAC wholly fails to allege sufficient facts to support any of the elements required to bring forth an ADA claim, the Court should dismiss the TAC for failure to state a claim.

This Motion is based upon Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  This Motion also is based upon this Notice, the attached Memorandum of Points and Authorities, and upon such further oral and/or documentary evidence as properly may be presented at or before the time of the hearing.

DATED: November 21, 2013.

DAVIS WRIGHT TREMAINE LLP
JUDITH DROZ KEYES
ANNE DAHLGREN

By: /s/ Anne Dahlgren
    Anne Dahlgren

Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This is a single plaintiff non-complex wrongful termination/disability discrimination lawsuit filed by former Verizon Wireless employee Mable Steiner ("Plaintiff").  The *two-page* TAC should be dismissed *with prejudice* for two independent reasons.

First, Plaintiff failed to alleged proper grounds for the Court's jurisdiction as she is required to do.  But regardless, she lacks any basis to allege jurisdiction because her claims are related to, or arise from, a workplace injury and such claims are within the exclusive jurisdiction of the WCAB.  Even if this Court had jurisdiction to hear these claims, Plaintiff is barred under the rule of comity from pursuing such claims simultaneously before this Court and the WCAB.  Furthermore, any claim based on an alleged violation of the WCA is time-barred.

Second, the TAC fails to plead facts sufficient to allege a facially plausible claim for relief under the ADA.  In spite of three previous attempts to plead such facts and to cure other deficiencies, the current complaint (the first one to be served on Defendant) makes only obscure and vague references as to the exact nature of Plaintiff's claims and to the factual allegations in support thereof.   Plaintiff *appears* to pursue a single claim:  that Verizon Wireless terminated her employment because of a disability in violation of the ADA.  But in support of this claim, Plaintiff recites allegations relating only to the workers' compensation claim she filed long ago, which still is pending.  Indeed, many (if not all) of the factual allegations in the TAC directly relate to Plaintiff's pending workers' compensation case and, equally importantly, occurred *after* the termination of her employment.  Such facts do not and cannot support an ADA discrimination claim.

Accordingly, dismissal of the TAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") is warranted.

## II.  RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

Basically, Plaintiff alleges that her former employer, Verizon Wireless, discriminated against her in violation of the ADA by terminating her employment after she allegedly sustained a workplace injury.  Plaintiff provides no other *relevant* factual allegations.

1

DAVIS WRIGHT TREMAINE LLP

Plaintiff filed her original Complaint on July 19, 2013 [Docket Entry # 1], a First Amended Complaint on September 19, 2013 [Docket Entry #6], and a Second Amended Complaint on October 2, 2013 [Docket Entry #7].  Plaintiff then filed the Third Amended Complaint on October 23, 2013 [Docket Entry #10], and served that complaint on Defendant on November 1, 2013.  Verizon Wireless now moves to dismiss the TAC with prejudice.

### III.     LEGAL ARGUMENT

#### A. Standard of Review

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Indeed, a plaintiff must make factual allegations sufficient to raise a right to relief above the speculative level.  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   Dismissal is therefore proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *See Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).

The law is clear: courts should not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard.  *Shalhout v. CVS, Inc.*, No. 3:11-cv-552, 2011 WL 5170299, at *3 (D. Conn. Oct. 31, 2011) (quoting *Henry v. Davis*, No. 10-cv-7575, 2011 WL 3295986, at *2 n. 5 (S.D.N.Y. Aug. 1, 2011)).  Indeed, even with a *pro se* pleading, courts are advised not to supply essential elements of the claim that were not initially pled by the plaintiff.  *See Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that courts may supply essential elements of the claim that were not initially pled); *Melcher v. U.S. Postal Service*, No. 11-cv-6373-JSC, 2012 WL 3276985, at *3 (N.D. Cal. Aug. 9, 2012) (same).

**B. The Court Does Not Have Jurisdiction Over Claims Relating to, or Arising From, Plaintiff's Workplace Injury, which Claims are Time-Barred.**

As an initial matter, the TAC fails to set out a short and plain statement of the grounds for the Court's jurisdiction, as required by FRCP 8(a)(1). But even so, based on Plaintiff's allegations, Plaintiff lacks any basis to allege jurisdiction over any claim associated with her workplace injury, even if given leave to amend, because these claims are barred by the exclusivity provisions of the WCA, are being pursued before the WCAB, and are time-barred.

**1. The Court Does Not Have Jurisdiction over Claims Collateral To, or Derivative Of, Plaintiff's Workplace Injury.**

The California Labor Code provides that the WCA is the "*sole and exclusive remedy* of the employee . . . against the employer" for injuries sustained by an employee in the course and scope of her employment. Cal. Lab. Code §§ 3602(a); 5300 (emphasis added). Application of the WCA's exclusivity provision involves a three-step analysis. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 813 (2001); *Gomes v. Michaels Stores, Inc.*, No. Civ. S-06-1921-LKK-KJM, 2006 WL 3348205, at *3 (E.D. Cal. Nov. 16, 2006). The first step is to determine whether the claim involves an injury that would be (or is) compensable under the WCA. *Vacanti*, 24 Cal. 4th at 813. The second step is to determine whether the claim being made outside of the workers' compensation forum is collateral to, or derivative of, that injury. *Id.* Where, as here, these questions are answered in the affirmative, a plaintiff may pursue the claim outside of the workers' compensation forum only if it fits within the narrow exception to WCA exclusive jurisdiction, that is, if the claim involves conduct by the employer or insurer that goes beyond the norm contemplated in the workers' compensation scheme. *Id.; Unruh v. Truck Ins. Exchange*, 7 Cal. 3d 616, 630 (1972); *Gomes*, 2006 WL 3348205, at *3.

Here, the TAC includes only a recitation of alleged facts relevant to the treatment, coverage, and payment of Plaintiff's workers' compensation claim. *See, e.g.*, *TAC* at 2 ("I need a left knee replacement"; "I need surgery on my spine and neck"; "I can no longer [sic] can exercise or play tennis"; "I am no longer able to walk more than 3 blocks without the pain increasing"). Under the first two parts of the required analysis, Plaintiff's workplace injury claims clearly fall within the scope of what is compensable under the WCA and her allegations regarding the

3

handling of her workers' compensation claim clearly are derivative of that allegedly compensable injury.  *See, e.g.*, *Gomes*, 2006 WL 3348205, at *3 (disputes arising over the handling of compensation claims are tethered to a compensable injury and therefore fall within the scope of workers' compensation exclusivity); *Marsh & McLennan, Inc. v. Superior Ct.*, 49 Cal. 3d 1, 8 (1989) ("The workers' compensation system encompasses all disputes over coverage and payment, whether they result from actions taken by the employer, [or] by the employer's insurance carrier").

Furthermore, Plaintiff alleges no fact that would exempt her claim from workers' compensation exclusivity.  *Gomes*, 2006 WL 3348205, at *3 (citing *Vacanti*, 24 Cal. 4th at 820) (where acts are a normal part of the employment relationship or workers' compensation claims process, the cause of action is subject to exclusivity); *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 717 (1994) (normal employer actions causing injury do not fall outside the scope of the exclusivity rule merely by plaintiff attributing to the employer a sinister intention).  Because Plaintiff's claims are collateral to, and derivative of, her compensable injury, and there is nothing about her claims that would take them out of the norm in the workers' compensation setting, her claims are subject to the exclusive jurisdiction of the WCAB and Plaintiff has no basis for establishing that this Court has jurisdiction to hear them.

### 2. The Court Has No Jurisdiction Over a Labor Code Section 132a Claim.

Plaintiff's discrimination allegations emanate entirely from her alleged workplace injury and the subsequent filing of her workers' compensation claim.  She contends, in essence, that by terminating her employment, Verizon Wireless discriminated against her either because she filed for workers' compensation benefits, or because she suffered a work-related injury.  That claim translates to an allegation of discrimination in violation of California Labor Code section 132a, the anti-retaliation provision of the WCA.

Section 5300 of the Labor Code states that the WCAB is "the exclusive *forum* for pursuing a section 132a claim."  *Vacanti*, 24 Cal. 4th at 817; *City of Moorpark v. Sup. Ct.*, 18 Cal. 4th 1143, 1155–56 (1998).   Section 5300 states that any proceeding "for the recovery of compensation, or concerning any right or liability arising out of or incidental thereto . . . shall be

4

DAVIS WRIGHT TREMAINE LLP

instituted before the appeals board and not elsewhere." Cal. Lab. Code § 5300(a).  Once an employee has filed a petition for the remedies provided by the statute, the WCAB has the full authority to determine all related matters, with the irrelevant exception of a criminal charge. Notably, there is nothing in Labor Code section 132a that provides a *private cause of action* to sue in civil court for a Labor Code section 132a violation.  *See* Cal. Lab. Code § 132(a)(4) ("The [workers' compensation] appeals board is vested with full power, authority, and jurisdiction to try and determine finally all matters specified subject only to judicial review"); *Dutra v. Mercy Med. Ctr. Mount Shasta*, 209 Cal. App. 4th 750, 755 (2012) ("Obviously, a trial court has no jurisdiction to hear a civil cause of action for an employer's breach of Labor Code section 132a"). Thus, to the extent that Plaintiff has *disguised* her 132a claim as an ADA-disability discrimination claim to make an end run around the *clear statutory language*, it must be dismissed and pursued exclusively in the WCAB forum.

### 3. Plaintiff Cannot Simultaneously Pursue Claims Before This Court and the WCAB.

Moreover, Plaintiff *is* pursuing her 132a claim before the WCAB.  See Exhibit 1 attached hereto and incorporated herein by this reference.[1]  Even if Plaintiff was not jurisdictionally barred from bring her claim in this court, which she is, courts recognize the rule of comity which "prevent[s] two actions between the same parties involving the same subject matter from proceeding independently of each other."  See, e.g., *Simmons v. Superior Ct.*, 96 Cal. App. 2d 119, 124–25 (1950).  This rule serves to "avoid a multiplicity of suits and prevent vexatious litigation, conflicting judgments, confusion and unseemly controversy between litigants and courts." *Id*. at 125.  Thus, allowing Plaintiff *simultaneously* to pursue what is in effect the identical claim before the WCAB and in this Court would permit vexatious litigation and could lead to conflicting

---

[1] Plaintiff's 132a petition constitutes a matter of public record and can be considered by this Court without converting this motion. Defendant does not offer this exhibit to prove the matters contained therein: only to prove the existence of the claim.   Defendant hereby requests that the Court take judicial notice of the filing of Plaintiff's 132a petition pursuant to Federal Rule Evidence 201, and consider such evidence without converting this motion.  *See, e.g., Little Gem Life Sci. LLC v. Orphan Med., Inc*., 537 F.3d 913, 916 (8th Cir. 2008) (court could consider public records without converting motion when records were background facts and did not contradict complaint); *Halebian v. Berv*, 644 F.3d 122, 130 (2d. 2011) (court can consider documents that either are in the plaintiff's possession or plaintiff had knowledge of and plaintiff relied on in bringing suit).

DAVIS WRIGHT TREMAINE LLP

judgments and unseemly controversy.  *See id.*  Thus, under the rule of comity, this Court should not permit this second action, and should dismiss it.

### 4.   Plaintiff's Labor Code Section 132a Claim is Time-Barred.

Labor Code section 132a strictly establishes a one-year statute of limitations.  Cal. Lab. Code § 132(a)(4) ("proceedings must not be commenced more than *one year* from the discriminatory act or date of termination of the employee") (emphasis added).  According to the TAC, Verizon Wireless terminated Plaintiff's employment on December 3, 2010.  *TAC* at 1 ("VZW fired me on 12/3/2010").  The original complaint in this action was filed on July 19, 2013; therefore, in addition to being jurisdictionally barred, any claim before this Court alleging a violation of Labor Code section 132a is time-barred and must be dismissed with prejudice for that additional reason.

### C.   Independent of the Jurisdictional Deficiencies, Plaintiff Also Fails to Allege a Facially Plausible Claim for Relief under the ADA.

Though Plaintiff loosely claims that Verizon Wireless discriminated against her in violation of the ADA (*see TAC* at 2), she fails to plead facts sufficient to state a claim for relief under that statute.  In determining whether a pleading adequately states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim."  *See Iqbal*, 556 U.S. at 675.  To state a claim for disability discrimination under the ADA, a plaintiff must allege facts demonstrating that:  (1) she is disabled under the ADA; (2) she is "otherwise qualified" for an employment position with the defendant with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability or was denied a reasonable accommodation.  *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 (9th Cir. 1999).  Though a plaintiff need not establish a *prima facie* case at the motion to dismiss juncture, a court looks to the required elements of the Plaintiff's cause of action to determine whether the alleged facts state a plausible claim for relief.  *See Twombly*, 550 U.S. at 570.  The *Twombly/Iqbal* standard requires that the court determine whether the factual allegations, when assumed to be true, "plausibly give rise to an entitlement to relief."  *See Iqbal*, 556 U.S. at 664.

6

Defendant's Memorandum in Support of Motion to Dismiss Complaint
Case No. 2:13-CV-1457 JAM KJN PS
DWT 22934084v7 0052051-017139

1          Here, the TAC wholly fails to allege facts sufficient to support any of the three required
2   elements to establish a violation of the ADA.  First, Plaintiff does not allege that she suffers from
3   a *disability*, as defined by the statute.  *See* 42 U.S.C.A. § 12102(1)–(4) (2013).  Instead, the TAC
4   vaguely refers to various medical conditions relating to Plaintiff's knee, spine, and neck, and fails
5   to allege facts about any one condition to make a sufficient showing of disability under the ADA.
6   *See Neely v. PSEG Tex. LP*, No. 12-51074, 2013 WL 5942233 (5th Cir. Nov. 6, 2013) (the ADA
7   Amendments of 2008 do not eliminate the need to prove a disability on a claim for
8   discrimination).
9          Second, Plaintiff does not allege that she was qualified for employment at Verizon
10  Wireless with or without a reasonable accommodation at the time of the alleged adverse action or
11  failure to accommodate.  *See* 42 U.S.C.A. § 12111(8)–(10) (2013); 29 C.F.R. § 1630.2(m).
12  Indeed, the TAC is devoid of *any* allegations that Plaintiff could perform the essential functions of
13  the job she held prior to the termination of her employment in 2010.  The closest she comes is an
14  allegation that Verizon Wireless "did not set up work status according to Dr [sic] Reddy's orders
15  (three days a week-two to three hours per week) given date of 9/15/2011," (*see TAC* at 1),
16  presumably meaning that her doctor gave her permission to return to her job.  This argument
17  conflates medical clearance with the ability to perform adequately at a given job.  *McCormack v.*
18  *Advanced Micro Devices*, No. C-94-20744-RPA, 1994 WL 715655, at *1 (N.D. Cal. Dec. 20,
19  1994) (ADA claim failed because a "green light from the doctor suggests only that [plaintiff] was
20  no longer in danger from a clinical standpoint" but "says very little, if anything, about her ability
21  to adequately carry out her job duties").  Moreover, this allegation would suggest that Plaintiff
22  might have become qualified for the job more than nine months *after* the termination of her
23  employment on December 3, 2010, thereby failing to allege that she could perform the essential
24  functions of her job at the time of her termination, as is required in order to state a claim of
25  discrimination in violation of the ADA.  *See* 42 U.S.C.A. § 12111(8)–(10).
26         Third, Plaintiff does not allege any facts suggesting either that her termination was
27  causally related to her alleged disability or that she was denied a reasonable accommodation.
28  Instead, the TAC contains only the conclusory allegation that the termination of Plaintiff's

DAVIS WRIGHT TREMAINE LLP

7

1   employment may have been partly the result of Plaintiff "getting hurt on the job" (*TAC* at 2),

2   without making clear whether or how the on-the-job injury relates to her alleged disability or how

3   the termination allegedly was connected to the alleged disability.  In fact, the TAC presents no

4   *factual* allegations to support a claim that Verizon Wireless terminated Plaintiff's employment

5   *because of* a disability.  It is not enough to say in a conclusory fashion that the termination was the

6   result of getting hurt on the job, without a further factual explanation of the who, what, when, or

7   how to support the legal theory.  And furthermore, as analyzed above, any allegation that Verizon

8   Wireless terminated Plaintiff's employment due to a workplace injury compensable under the

9   WCA or otherwise in violation of Labor Code section 132a would fall *exclusively* within the

10  jurisdiction of the WCAB and could not support an ADA discrimination claim that can be heard

11  before this Court.

12  To the extent Plaintiff may have intended to claim that Verizon Wireless violated the ADA

13  by failing to reasonably accommodate her disability, she fails to allege that she sought an

14  accommodation during her employment, let alone that such a request was unreasonably denied.

15  *Buckingham v. United States*, 998 F.2d 735, 742–43 (9th Cir. 1993).  Indeed, the employee bears

16  the burden of proving that a particular accommodation would permit her to perform the essential

17  functions of the position and that the requested accommodation is reasonable in light of the

18  employer's circumstances.  *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400-02 (2002).

19  Perhaps most significantly, the allegations in the TAC make clear that any alleged failure

20  to accommodate any disability that Plaintiff may have had did not occur during the course of

21  Plaintiff's employment.  To the contrary, Plaintiff alleges that Verizon Wireless "failed to provide

22  support for work alternatives and meaniful [sic] life activities given by Dr fox [sic] psychologist

23  report of 2/23/2011" (*TAC* at 1) but this alleged failure happened more than a year after Plaintiff

24  was no longer employed by Verizon Wireless.  Similarly, the medical-related events cited in the

25  TAC refer to events that transpired after Plaintiff's employment ended and therefore, by law,

26  cannot be used to support a disability/failure to accommodate claim.

27  The facts alleged here, or lack thereof, are analogous to those in the complaint filed in

28  *Lindsey v. Claremont Middle School*, where the plaintiff similarly made conclusory allegations

DAVIS WRIGHT TREMAINE LLP

8

Defendant's Memorandum in Support of Motion to Dismiss Complaint
Case No. 2:13-CV-1457 JAM KJN PS
DWT 22934084v7 0052051-017139

devoid of any factual support and vaguely referred to his medical condition involving diabetes by alleging he "was refused the right to take [his] diabetic medicine." No. C 12-02639-LB, 2012 WL 5988548, at *3 (N.D. Cal. Nov. 29, 2012). There, the district court dismissed plaintiff's disability discrimination claim, holding that the complaint did not sufficiently allege that plaintiff had a disability and did not shed enough light on what happened or how the defendant's conduct related to the alleged disability.

Indeed, when faced with similar bare recitals in pleadings, courts routinely grant motions to dismiss ADA claims. *See, e.g.*, *Shalhout*, *supra*, 2011 WL 5170299, at *3 (plaintiff failed to plead facts sufficient to state a plausible claim where he alleged he was disabled and terminated as a result of his disability but failed to allege other facts, such as that the individuals who terminated him were aware of his disability); *Melcher*, *supra*, 2012 WL 3276985 at *3 (even under the liberal standards applied to *pro se* complaints, plaintiff's allegations that he had a disability and that the employer failed to allow him to work for several months did not provide a basis to conclude that the reason the employer did not allow him to work was because of his disability). Here, the TAC contains even fewer factual allegations than the complaints dismissed by the above-mentioned courts for failure to state a plausible claim. As such, this motion should be granted.

## IV.     CONCLUSION

When stripped of the claims falling outside of the Court's jurisdiction and the conclusory allegations, the bare facts underlying Plaintiff's TAC do not support any cognizable claim against Verizon Wireless. The TAC fails plausibly to allege that Plaintiff's alleged disability was the basis for Verizon Wireless's decision to terminate her employment, and instead relies entirely on allegations pertinent only to claims properly brought before the WCAB. On behalf of all the erroneously named defendants, Verizon Wireless respectfully requests that this Court dismiss the TAC. Because Plaintiff has already amended her complaint three times without curing deficiencies, and because the allegations make clear that this Court lacks jurisdiction over Plaintiff's claims and that such claims are time-barred, further amendment would be futile and dismissal with prejudice is both appropriate and warranted.

9

Defendant's Memorandum in Support of Motion to Dismiss Complaint
Case No. 2:13-CV-1457 JAM KJN PS
DWT 22934084v7 0052051-017139

DAVIS WRIGHT TREMAINE LLP

DATED November 21, 2013.

                    Respectfully submitted,

                    DAVIS WRIGHT TREMAINE LLP
                    JUDITH DROZ KEYES
                    ANNE DAHLGREN

                    By: /s/ Anne Dahlgren
                          Anne Dahlgren

                    Attorneys for Defendants

Defendant's Memorandum in Support of Motion to Dismiss Complaint
Case No. 2:13-CV-1457 JAM KJN PS
DWT 22934084v7 0052051-017139