UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABLE STEINER,<br><br>      Plaintiff,<br><br>      v.<br><br>VERIZON WIRELESS et al.,<br><br>      Defendants. | No. 2:13-cv-1457-JAM-KJN PS<br><br><br><br>ORDER |

Presently pending before the court is defendant Cellco Partnership d/b/a Verizon Wireless's ("Verizon Wireless") motion to dismiss plaintiff Mable Steiner's third amended complaint, which was noticed for hearing on January 16, 2014. (ECF No. 14.)[1] On December 30, 2013, plaintiff filed a "fourth amended complaint," which the court, in light of plaintiff's *pro se* status, liberally construes as an opposition to Verizon Wireless's motion to dismiss. (ECF No. 20.) Thereafter, on January 9, 2014, Verizon Wireless filed a reply brief. (ECF No. 23.)

At the January 16, 2014 hearing, plaintiff appeared representing herself, and attorney Anne Dahlgren appeared on behalf of defendant Verizon Wireless. After considering the parties' briefing, the parties' oral argument, and the applicable law, the court grants Verizon Wireless's

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    motion to dismiss, but with leave to amend along the terms outlined in this order.

2    BACKGROUND

3        The background facts are generally taken from the operative third amended complaint,
4    unless otherwise noted.  The third amended complaint is somewhat confusing and scattered with
5    facts that are not necessarily in a chronological order.  However, plaintiff appears to allege that
6    she is a former employee of Verizon Wireless who suffered a workplace injury sometime in 2009,
7    for which a workers' compensation claim was filed.[2]  It is not clear exactly what injury plaintiff
8    suffered, but the complaint references left knee, spine, and neck problems; carpal tunnel
9    syndrome; and depression, and also includes snapshots of medical opinions and payment
10   decisions related to her workers' compensation case.  According to plaintiff, as a result of her
11   injury, Verizon Wireless ultimately terminated her on December 3, 2010, without training
12   plaintiff for another position or otherwise reasonably accommodating her disability in violation of
13   the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").  Plaintiff seeks
14   $25,000,000.00 in resulting damages.  (See generally ECF No. 10.)

15       Plaintiff commenced this action by filing her original complaint on July 19, 2013.  (ECF
16   No. 1.)  After the court denied without prejudice her application to proceed *in forma pauperis*,
17   plaintiff paid the filing fee.  (ECF No. 3.)  Subsequently, plaintiff filed a first amended complaint
18   and then an unauthorized second amended complaint on September 19, 2013, and October 2,
19   2013, respectively.  (ECF Nos. 6, 7.)  Thereafter, on October 11, 2013, plaintiff filed a motion to
20   further amend her complaint.  (ECF No. 8.)  In an October 17, 2013 order, the court granted
21   plaintiff's motion, but cautioned her that a plaintiff is only permitted one amendment as a matter
22   of course, that plaintiff must seek leave of court pursuant to the Federal Rules of Civil Procedure

---

[2] The court takes judicial notice of plaintiff's "Amended Petition Re Discrimination Pursuant to Labor Code § 132a" filed before the California Workers' Compensation Appeals Board, which was attached to Verizon Wireless's motion to dismiss, pursuant to Federal Rule of Evidence 201(b). (ECF No. 14-1.)  The amended petition is a public record that is "not subject to reasonable dispute" and its existence is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  In any event, plaintiff does not dispute the existence of her workers' compensation case and Labor Code section 132a claim  (ECF No. 20 at 3), and the court only takes judicial notice of the existence of the claim and not the truth of the matters contained in the claim.

and the court's Local Rules prior to amending her complaint in the future, and that future unauthorized amended complaints may be summarily stricken. (ECF No. 9.)

On October 23, 2013, plaintiff filed the operative third amended complaint, which was then served on Verizon Wireless.[3] (ECF No. 10.) The instant motion followed. (ECF No. 14.)

DISCUSSION

Plaintiff's "Fourth Amended Complaint"

Before turning to the pending motion to dismiss by Verizon Wireless, which challenges plaintiff's third amended complaint, the court briefly addresses the import of the "fourth amended complaint" filed on December 30, 2013. (ECF No. 20.)

Plaintiff's "fourth amended complaint" is unauthorized pursuant to Federal Rule of Civil Procedure 15, and must be stricken on that basis. As the court previously explained to plaintiff, Rule 15(a) states, in relevant part, that "(1)…[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these requirements are not satisfied, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In this case, as outlined above, plaintiff had already amended her complaint once as a matter of course. Therefore, plaintiff was required to obtain Verizon Wireless's written consent or leave of court (by a properly-noticed motion in compliance with Local Rule 230) to file a fourth amended complaint. Because plaintiff failed to do so, the "fourth amended complaint" is stricken. However, in light of plaintiff's *pro se* status, and as noted above, the court has construed the "fourth amended complaint" as an opposition to Verizon Wireless's motion to dismiss, and has considered any factual allegations and arguments made in that document with

---

[3] The third amended complaint names Verizon Wireless (VAW) LLC and Cellco Partnership d/b/a/ Verizon Wireless as defendants. (ECF No. 10.) However, defendant represented that its proper entity name is Cellco Partnership d/b/a Verizon Wireless and that the other entity was erroneously named. As such, the only true defendant in this case is Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless").

3

respect to whether further leave to amend should be granted.

The court now proceeds to the substance of Verizon Wireless's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Verizon Wireless's Motion to Dismiss

*Legal Standard*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

1  & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when
2  evaluating them under the standard announced in Iqbal).

3  In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally
4  consider only allegations contained in the pleadings, exhibits attached to the complaint, and
5  matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506
6  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not
7  consider a memorandum in opposition to a defendant's motion to dismiss to determine the
8  propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,
9  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding
10  whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.
11  2003).

12  *Analysis*

13  As an initial matter, Verizon Wireless correctly notes that this court lacks jurisdiction over
14  any claim or dispute concerning the handling and payment of plaintiff's workers' compensation
15  claim, which would generally fall under the exclusive jurisdiction of the Workers' Compensation
16  Appeals Board.  "[I]t is well established that disputes which arise over the handling of
17  compensation claims 'fall within the scope of the [workers' compensation] exclusive remedy
18  provisions because this process is tethered to a compensable injury.'" Gomes v. Michaels Stores,
19  Inc., 2006 WL 3348205, at *3 (E.D. Cal. Nov. 16, 2006) (unpublished) (citing Charles J. Vacanti,
20  M.D., Inc. v. State Comp. Ins. Fund, 24 Cal. 4th 800, 813 (2001)); see also Marsh & McLennan,
21  Inc. v. Superior Court, 49 Cal. 3d 1, 8 (1989) (explaining that the workers' compensation system
22  "encompasses all disputes over coverage and payment," whether they result from actions taken by
23  the employer or the employer's insurance carrier).

24  Furthermore, to the extent that the third amended complaint can be construed as asserting
25  a California Labor Code section 132a claim alleging that plaintiff was terminated because she
26  filed for workers' compensation benefits or because she suffered a work-related injury, such a
27  claim likewise falls under the exclusive jurisdiction of the Workers' Compensation Appeals
28  Board.  Cal. Lab. Code § 132a ("The appeals board is vested with full power, authority, and

jurisdiction to try and determine finally all matters specified in this section subject only to judicial review"); Charles J. Vacanti, M.D., Inc., 24 Cal. 4th at 817 (holding that the Workers' Compensation Appeals Board is "the exclusive forum for pursuing a section 132a claim"); Dutra v. Mercy Medical Center Mt. Shasta, 209 Cal. App. 4th 750, 755 (2012) ("Obviously, a trial court has no jurisdiction to hear a civil cause of action for an employer's breach of Labor Code section 132a.").[4]

Given the inclusion of snapshots of medical opinions and payment decisions related to plaintiff's workers' compensation case in the third amended complaint, it was not unreasonable for Verizon Wireless to infer that plaintiff was attempting to assert claims concerning the handling of her workers' compensation claim or a violation of California Labor Code section 132a. However, in plaintiff's "fourth amended complaint," construed as an opposition to the motion to dismiss, plaintiff emphasized that her workers' compensation case and/or California Labor Code section 132a claim are being handled by her workers' compensation attorney and have no bearing on this federal case. (ECF No. 20 at 3.) Plaintiff confirmed as much at the hearing. In particular, plaintiff clarified that she is asserting an ADA claim in this action based on Verizon Wireless's purported failure to give reasonable accommodations for her alleged disability resulting from her workplace injury. (Id. at 2.) Courts have held that federal ADA claims are not subject to the exclusive remedy provision of California's workers' compensation scheme. Dunlap v. Assoc. of Bay Area Gov'ts, 996 F. Supp. 962, 967 (N.D. Cal. 1998); Wood v. Cnty. of Alameda, 875 F. Supp. 659, 665-66 (N.D. Cal. 1995).

Nevertheless, Verizon Wireless also argues that plaintiff's third amended complaint fails to state a plausible claim under the ADA. That argument has merit.

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of

---

[4] In light of the court's conclusion that it lacks jurisdiction over any California Labor Code section 132a claim, it is unnecessary to consider Verizon Wireless's additional arguments that such a claim is barred by the rule of comity and the applicable statute of limitations.

employment." 42 U.S.C. § 12112(a). Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity…." 42 U.S.C. § 12112(b)(5)(A). A disability, with respect to an individual, is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment…." 42 U.S.C. § 12102(1). A disabled individual is otherwise "qualified" if he or she, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "reasonable accommodation" may include "(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9).

To establish a prima facie claim under Title I of the ADA, an employee must establish (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job that she holds or seeks; and (3) that she has suffered an adverse employment decision because of her disability. See Gomez v. American Bldg. Maintenance, 940 F. Supp. 255, 257 (N.D. Cal. 1996) (citing Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1354 (9th Cir. 1996)). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff need not prove, or submit evidence in support of, her prima facie case – she need only allege facts that, if accepted as true, state a plausible ADA claim. Iqbal, 556 U.S. at 678.

In this case, although plaintiff alleges that she was terminated due to a disability resulting from a workplace injury, plaintiff fails to plead sufficient facts in support of each of the elements of her ADA claim.

1    As to the first element, plaintiff fails to allege that she suffers from a disability within the
2 meaning of the ADA.  Although the third amended complaint contains vague references to
3 various medical conditions, plaintiff fails to allege which particular conditions render her disabled
4 and how they substantially limit one or more of her major life activities.

5    As to the second element, plaintiff fails to allege that she was qualified, with or without a
6 reasonable accommodation, to perform the essential functions of her job for Verizon Wireless
7 *around the time of her termination*.  To be sure, the third amended complaint alleges that Verizon
8 Wireless "did not set up work status according to Dr Reddy's orders (three days a week-two to
9 three hours per week) given date of 9/15/2011 by Dr. Reddy."  (ECF No. 10 at 2.)  However, this
10 allegation potentially suggests that plaintiff was only released to return to some limited amount of
11 work *several months after she was already terminated* on December 3, 2010, and thus does not
12 show that plaintiff was qualified to perform the essential functions of her job, with or without
13 reasonable accommodation, around the time of her termination.

14    As to the third element, even though plaintiff claims that Verizon Wireless failed to
15 reasonably accommodate her disability and terminated her based on that disability, plaintiff does
16 not allege (a) whether and when she requested accommodations from Verizon Wireless during
17 her employment, (b) what such requested accommodations were, (c) whether and for what stated
18 reasons such accommodations were denied by Verizon Wireless, and (d) how such requested
19 accommodations would have allowed plaintiff to perform the essential functions of her position.
20 While plaintiff need not necessarily provide detailed factual allegations at this early juncture, she
21 must provide at least some factual allegations in support of each element of her ADA claim,
22 thereby allowing the court to draw the reasonable inference that Verizon Wireless is liable under
23 that statute.

24    For these reasons, the court concludes that plaintiff's third amended complaint fails to
25 allege sufficient facts that, if accepted as true, state a plausible ADA claim.  Accordingly, the
26 court grants Verizon Wireless's motion to dismiss.

27    <u>Leave to Amend</u>

28    Although plaintiff has already amended her complaint several times, those amendments

were on plaintiff's own initiative and without substantive screening by the court.  Indeed, this is the first time that plaintiff's pleading has been challenged by a motion to dismiss.  The court finds that plaintiff, having now been notified of the specific deficiencies of her ADA claim by virtue of this order, is entitled to an additional opportunity to cure them, if she can do so.  However, plaintiff is cautioned that the court would be disinclined to allow any further amendments.

Plaintiff shall file any amended complaint within 28 days of this order.  If plaintiff elects to file an amended complaint, <u>it shall be captioned "Fifth Amended Complaint"; shall only name defendant Cellco Partnership d/b/a Verizon Wireless as a defendant; shall only assert a claim for disability discrimination under the ADA based on Verizon Wireless's alleged failure to reasonably accommodate plaintiff's disability; and shall not include any claims concerning the handling and payment of plaintiff's workers' compensation claim, or any claim under California Labor Code section 132a.</u>[5]  Plaintiff shall use her best efforts to set forth any background facts in a chronological order, and plead sufficient factual allegations in support of each required element of her ADA claim.

Additionally, plaintiff should not attach excessive exhibits to any fifth amended complaint.  The fifth amended complaint need only set forth the *alleged facts* in support of plaintiff's ADA claim and <u>need not include any documentary evidence</u>, which may be presented at a later point in the case.  While plaintiff may attach some limited, relevant exhibits to her complaint, such as any related administrative petitions and right-to-sue letters, plaintiff shall not attach evidentiary material (e.g. medical records, e-mails, letters etc.) or other irrelevant documents.[6]  Importantly, defendant Verizon Wireless and the court should be able to understand plaintiff's claim and the facts in support of that claim from reading the main body of plaintiff's

---

[5] As such, plaintiff should avoid including facts related to plaintiff's workers' compensation case that have no direct bearing on plaintiff's ADA claim against her employer Verizon Wireless, such as facts related to the processing of the workers' compensation claim, payment decisions by the insurance carriers, etc.

[6] Instead, if, for example, an evidentiary document (such as a letter) contains an important fact, plaintiff should attempt to include that fact in her allegations as part of the main body of the fifth amended complaint, instead of attaching the entire document to the complaint as an exhibit.

fifth amended complaint, and without having to review numerous exhibits to the complaint.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's fifth amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the fifth amended complaint is filed, the prior versions of plaintiff's complaint no longer serve any function in the case.

Finally, nothing in this order requires plaintiff to file a fifth amended complaint.  If plaintiff determines that she is unable to amend her complaint in compliance with the court's order and Federal Rule of Civil Procedure 11, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's "fourth amended complaint" (ECF No. 20) is STRICKEN.
2. Verizon Wireless's motion to dismiss (ECF No. 14) is GRANTED, but with leave to amend along the terms outlined in this order.
3. Within 28 days of this order, plaintiff shall file either a fifth amended complaint in compliance with this order or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
4. Defendant Verizon Wireless shall file a response to any fifth amended complaint within 28 days of its filing.
5. *Failure to file either a fifth amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

IT IS SO ORDERED.

Dated:  January 17, 2014

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE