1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MABLE STEINER,                           No.  2:13-cv-1457-JAM-KJN PS

12                Plaintiff,

13        v.                                  ORDER

14   VERIZON WIRELESS et al.,

15                Defendants.

16

17        Presently pending before the court is defendant Cellco Partnership d/b/a Verizon

18   Wireless's ("Verizon Wireless") motion to dismiss plaintiff Mable Steiner's third amended

19   complaint, which was noticed for hearing on January 16, 2014.  (ECF No. 14.)[1]  On December

20   30, 2013, plaintiff filed a "fourth amended complaint," which the court, in light of plaintiff's *pro

21   se* status, liberally construes as an opposition to Verizon Wireless's motion to dismiss.  (ECF No.

22   20.)  Thereafter, on January 9, 2014, Verizon Wireless filed a reply brief.  (ECF No. 23.)

23        At the January 16, 2014 hearing, plaintiff appeared representing herself, and attorney

24   Anne Dahlgren appeared on behalf of defendant Verizon Wireless.  After considering the parties'

25   briefing, the parties' oral argument, and the applicable law, the court grants Verizon Wireless's

26

27   _____
     [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
28   § 636(b)(1).

                                              1

1    motion to dismiss, but with leave to amend along the terms outlined in this order.

2    BACKGROUND

3            The background facts are generally taken from the operative third amended complaint,

4    unless otherwise noted.  The third amended complaint is somewhat confusing and scattered with

5    facts that are not necessarily in a chronological order.  However, plaintiff appears to allege that

6    she is a former employee of Verizon Wireless who suffered a workplace injury sometime in 2009,

7    for which a workers' compensation claim was filed.[2]  It is not clear exactly what injury plaintiff

8    suffered, but the complaint references left knee, spine, and neck problems; carpal tunnel

9    syndrome; and depression, and also includes snapshots of medical opinions and payment

10   decisions related to her workers' compensation case.  According to plaintiff, as a result of her

11   injury, Verizon Wireless ultimately terminated her on December 3, 2010, without training

12   plaintiff for another position or otherwise reasonably accommodating her disability in violation of

13   the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").  Plaintiff seeks

14   $25,000,000.00 in resulting damages.  (See generally ECF No. 10.)

15           Plaintiff commenced this action by filing her original complaint on July 19, 2013.  (ECF

16   No. 1.)  After the court denied without prejudice her application to proceed *in forma pauperis*,

17   plaintiff paid the filing fee.  (ECF No. 3.)  Subsequently, plaintiff filed a first amended complaint

18   and then an unauthorized second amended complaint on September 19, 2013, and October 2,

19   2013, respectively.  (ECF Nos. 6, 7.)  Thereafter, on October 11, 2013, plaintiff filed a motion to

20   further amend her complaint.  (ECF No. 8.)  In an October 17, 2013 order, the court granted

21   plaintiff's motion, but cautioned her that a plaintiff is only permitted one amendment as a matter

22   of course, that plaintiff must seek leave of court pursuant to the Federal Rules of Civil Procedure

23   ────────────────────

24   [2] The court takes judicial notice of plaintiff's "Amended Petition Re Discrimination Pursuant to
     Labor Code § 132a" filed before the California Workers' Compensation Appeals Board, which

25   was attached to Verizon Wireless's motion to dismiss, pursuant to Federal Rule of Evidence
     201(b).  (ECF No. 14-1.)  The amended petition is a public record that is "not subject to

26   reasonable dispute" and its existence is a fact that "can be accurately and readily determined from
     sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  In any

27   event, plaintiff does not dispute the existence of her workers' compensation case and Labor Code
     section 132a claim  (ECF No. 20 at 3), and the court only takes judicial notice of the existence of

28   the claim and not the truth of the matters contained in the claim.

1   and the court's Local Rules prior to amending her complaint in the future, and that future

2   unauthorized amended complaints may be summarily stricken.  (ECF No. 9.)

3         On October 23, 2013, plaintiff filed the operative third amended complaint, which was

4   then served on Verizon Wireless.[3]  (ECF No. 10.)  The instant motion followed.  (ECF No. 14.)

5   DISCUSSION

6         Plaintiff's "Fourth Amended Complaint"

7         Before turning to the pending motion to dismiss by Verizon Wireless, which challenges

8   plaintiff's third amended complaint, the court briefly addresses the import of the "fourth amended

9   complaint" filed on December 30, 2013.  (ECF No. 20.)

10        Plaintiff's "fourth amended complaint" is unauthorized pursuant to Federal Rule of Civil

11  Procedure 15, and must be stricken on that basis.  As the court previously explained to plaintiff,

12  Rule 15(a) states, in relevant part, that "(1)…[a] party may amend its pleading once as a matter of

13  course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive

14  pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

15  motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  If these

16  requirements are not satisfied, "a party may amend its pleading only with the opposing party's

17  written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

18        In this case, as outlined above, plaintiff had already amended her complaint once as a

19  matter of course.  Therefore, plaintiff was required to obtain Verizon Wireless's written consent

20  or leave of court (by a properly-noticed motion in compliance with Local Rule 230) to file a

21  fourth amended complaint.  Because plaintiff failed to do so, the "fourth amended complaint" is

22  stricken.  However, in light of plaintiff's *pro se* status, and as noted above, the court has

23  construed the "fourth amended complaint" as an opposition to Verizon Wireless's motion to

24  dismiss, and has considered any factual allegations and arguments made in that document with

25  

26  [3] The third amended complaint names Verizon Wireless (VAW) LLC and Cellco Partnership
d/b/a/ Verizon Wireless as defendants.  (ECF No. 10.)  However, defendant represented that its

27  proper entity name is Cellco Partnership d/b/a Verizon Wireless and that the other entity was
erroneously named.  As such, the only true defendant in this case is Cellco Partnership d/b/a

28  Verizon Wireless ("Verizon Wireless").

1  respect to whether further leave to amend should be granted.

2       The court now proceeds to the substance of Verizon Wireless's motion to dismiss

3  pursuant to Federal Rule of Civil Procedure 12(b)(6).

4       <u>Verizon Wireless's Motion to Dismiss</u>

5       *<u>Legal Standard</u>*

6       A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

7  challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase</u>

8  <u>Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

9  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

10  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>see</u>

11  <u>also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

12  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

13  is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v.</u>

14  <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

15  factual content that allows the court to draw the reasonable inference that the defendant is liable

16  for the misconduct alleged."  <u>Id.</u>

17       In considering a motion to dismiss for failure to state a claim, the court accepts all of the

18  facts alleged in the complaint as true and construes them in the light most favorable to the

19  plaintiff.  <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

20  however, required to accept as true conclusory allegations that are contradicted by documents

21  referred to in the complaint, and [the court does] not necessarily assume the truth of legal

22  conclusions merely because they are cast in the form of factual allegations."  <u>Paulsen</u>, 559 F.3d at

23  1071.  The court must construe a *pro se* pleading liberally to determine if it states a claim and,

24  prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity

25  to cure them if it appears at all possible that the plaintiff can correct the defect.  <u>See</u> <u>Lopez v.</u>

26  <u>Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>accord</u> <u>Balistreri v. Pacifica Police</u>

27  <u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

28  particularly where civil rights claims are involved"); <u>see also</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342

1   & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when

2   evaluating them under the standard announced in Iqbal).

3         In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

4   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

5   matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506

6   F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not

7   consider a memorandum in opposition to a defendant's motion to dismiss to determine the

8   propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

9   1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

10   whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

11   2003).

12         *Analysis*

13         As an initial matter, Verizon Wireless correctly notes that this court lacks jurisdiction over

14   any claim or dispute concerning the handling and payment of plaintiff's workers' compensation

15   claim, which would generally fall under the exclusive jurisdiction of the Workers' Compensation

16   Appeals Board. "[I]t is well established that disputes which arise over the handling of

17   compensation claims 'fall within the scope of the [workers' compensation] exclusive remedy

18   provisions because this process is tethered to a compensable injury.'" Gomes v. Michaels Stores,

19   Inc., 2006 WL 3348205, at *3 (E.D. Cal. Nov. 16, 2006) (unpublished) (citing Charles J. Vacanti,

20   M.D., Inc. v. State Comp. Ins. Fund, 24 Cal. 4th 800, 813 (2001)); see also Marsh & McLennan,

21   Inc. v. Superior Court, 49 Cal. 3d 1, 8 (1989) (explaining that the workers' compensation system

22   "encompasses all disputes over coverage and payment," whether they result from actions taken by

23   the employer or the employer's insurance carrier).

24         Furthermore, to the extent that the third amended complaint can be construed as asserting

25   a California Labor Code section 132a claim alleging that plaintiff was terminated because she

26   filed for workers' compensation benefits or because she suffered a work-related injury, such a

27   claim likewise falls under the exclusive jurisdiction of the Workers' Compensation Appeals

28   Board. Cal. Lab. Code § 132a ("The appeals board is vested with full power, authority, and

1  jurisdiction to try and determine finally all matters specified in this section subject only to judicial

2  review"); Charles J. Vacanti, M.D., Inc., 24 Cal. 4th at 817 (holding that the Workers'

3  Compensation Appeals Board is "the exclusive forum for pursuing a section 132a claim"); Dutra

4  v. Mercy Medical Center Mt. Shasta, 209 Cal. App. 4th 750, 755 (2012) ("Obviously, a trial court

5  has no jurisdiction to hear a civil cause of action for an employer's breach of Labor Code section

6  132a.").[4]

7       Given the inclusion of snapshots of medical opinions and payment decisions related to

8  plaintiff's workers' compensation case in the third amended complaint, it was not unreasonable

9  for Verizon Wireless to infer that plaintiff was attempting to assert claims concerning the

10 handling of her workers' compensation claim or a violation of California Labor Code section

11 132a.  However, in plaintiff's "fourth amended complaint," construed as an opposition to the

12 motion to dismiss, plaintiff emphasized that her workers' compensation case and/or California

13 Labor Code section 132a claim are being handled by her workers' compensation attorney and

14 have no bearing on this federal case.  (ECF No. 20 at 3.)  Plaintiff confirmed as much at the

15 hearing.  In particular, plaintiff clarified that she is asserting an ADA claim in this action based on

16 Verizon Wireless's purported failure to give reasonable accommodations for her alleged disability

17 resulting from her workplace injury.  (Id. at 2.)  Courts have held that federal ADA claims are not

18 subject to the exclusive remedy provision  of California's workers' compensation scheme.

19 Dunlap v. Assoc. of Bay Area Gov'ts, 996 F. Supp. 962, 967 (N.D. Cal. 1998); Wood v. Cnty. of

20 Alameda, 875 F. Supp. 659, 665-66 (N.D. Cal. 1995).

21      Nevertheless, Verizon Wireless also argues that plaintiff's third amended complaint fails

22 to state a plausible claim under the ADA.  That argument has merit.

23      The ADA prohibits employers from "discriminat[ing] against a qualified individual on the

24 basis of disability in regard to job application procedures, the hiring, advancement, or discharge

25 of employees, employee compensation, job training, and other terms, conditions, and privileges of

26

27 [4] In light of the court's conclusion that it lacks jurisdiction over any California Labor Code section 132a claim, it is unnecessary to consider Verizon Wireless's additional arguments that

28 such a claim is barred by the rule of comity and the applicable statute of limitations.

employment." 42 U.S.C. § 12112(a).  Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity…." 42 U.S.C. § 12112(b)(5)(A).   A disability, with respect to an individual, is defined as:  "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment…."  42 U.S.C. § 12102(1).  A disabled individual is otherwise "qualified" if he or she, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  A "reasonable accommodation" may include "(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities."  42 U.S.C. § 12111(9).

To establish a prima facie claim under Title I of the ADA, an employee must establish (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job that she holds or seeks; and (3) that she has suffered an adverse employment decision because of her disability. See Gomez v. American Bldg. Maintenance, 940 F. Supp. 255, 257 (N.D. Cal. 1996) (citing Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1354 (9th Cir. 1996)).  To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff need not prove, or submit evidence in support of, her prima facie case – she need only allege facts that, if accepted as true, state a plausible ADA claim.  Iqbal, 556 U.S. at 678.

In this case, although plaintiff  alleges that she was terminated due to a disability resulting from a workplace injury, plaintiff fails to plead sufficient facts in support of each of the elements of her ADA claim.

1    As to the first element, plaintiff fails to allege that she suffers from a disability within the

2    meaning of the ADA.  Although the third amended complaint contains vague references to

3    various medical conditions, plaintiff fails to allege which particular conditions render her disabled

4    and how they substantially limit one or more of her major life activities.

5    As to the second element, plaintiff fails to allege that she was qualified, with or without a

6    reasonable accommodation, to perform the essential functions of her job for Verizon Wireless

7    *around the time of her termination*.  To be sure, the third amended complaint alleges that Verizon

8    Wireless "did not set up work status according to Dr Reddy's orders (three days a week-two to

9    three hours per week) given date of 9/15/2011 by Dr. Reddy."  (ECF No. 10 at 2.)  However, this

10   allegation potentially suggests that plaintiff was only released to return to some limited amount of

11   work *several months after she was already terminated* on December 3, 2010, and thus does not

12   show that plaintiff was qualified to perform the essential functions of her job, with or without

13   reasonable accommodation, around the time of her termination.

14   As to the third element, even though plaintiff claims that Verizon Wireless failed to

15   reasonably accommodate her disability and terminated her based on that disability, plaintiff does

16   not allege (a) whether and when she requested accommodations from Verizon Wireless during

17   her employment, (b) what such requested accommodations were, (c) whether and for what stated

18   reasons such accommodations were denied by Verizon Wireless, and (d) how such requested

19   accommodations would have allowed plaintiff to perform the essential functions of her position.

20   While plaintiff need not necessarily provide detailed factual allegations at this early juncture, she

21   must provide at least some factual allegations in support of each element of her ADA claim,

22   thereby allowing the court to draw the reasonable inference that Verizon Wireless is liable under

23   that statute.

24   For these reasons, the court concludes that plaintiff's third amended complaint fails to

25   allege sufficient facts that, if accepted as true, state a plausible ADA claim.  Accordingly, the

26   court grants Verizon Wireless's motion to dismiss.

27   <u>Leave to Amend</u>

28   Although plaintiff has already amended her complaint several times, those amendments

8

were on plaintiff's own initiative and without substantive screening by the court.  Indeed, this is the first time that plaintiff's pleading has been challenged by a motion to dismiss.  The court finds that plaintiff, having now been notified of the specific deficiencies of her ADA claim by virtue of this order, is entitled to an additional opportunity to cure them, if she can do so.  However, plaintiff is cautioned that the court would be disinclined to allow any further amendments.

Plaintiff shall file any amended complaint within 28 days of this order.  If plaintiff elects to file an amended complaint, it shall be captioned "Fifth Amended Complaint"; shall only name defendant Cellco Partnership d/b/a Verizon Wireless as a defendant; shall only assert a claim for disability discrimination under the ADA based on Verizon Wireless's alleged failure to reasonably accommodate plaintiff's disability; and shall not include any claims concerning the handling and payment of plaintiff's workers' compensation claim, or any claim under California Labor Code section 132a.[5]  Plaintiff shall use her best efforts to set forth any background facts in a chronological order, and plead sufficient factual allegations in support of each required element of her ADA claim.

Additionally, plaintiff should not attach excessive exhibits to any fifth amended complaint.  The fifth amended complaint need only set forth the *alleged facts* in support of plaintiff's ADA claim and need not include any documentary evidence, which may be presented at a later point in the case.  While plaintiff may attach some limited, relevant exhibits to her complaint, such as any related administrative petitions and right-to-sue letters, plaintiff shall not attach evidentiary material (e.g. medical records, e-mails, letters etc.) or other irrelevant documents.[6]  Importantly, defendant Verizon Wireless and the court should be able to understand plaintiff's claim and the facts in support of that claim from reading the main body of plaintiff's

---

[5] As such, plaintiff should avoid including facts related to plaintiff's workers' compensation case that have no direct bearing on plaintiff's ADA claim against her employer Verizon Wireless, such as facts related to the processing of the workers' compensation claim, payment decisions by the insurance carriers, etc.

[6] Instead, if, for example, an evidentiary document (such as a letter) contains an important fact, plaintiff should attempt to include that fact in her allegations as part of the main body of the fifth amended complaint, instead of attaching the entire document to the complaint as an exhibit.

1   fifth amended complaint, and without having to review numerous exhibits to the complaint.

2       Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order

3   to make plaintiff's fifth amended complaint complete.  Local Rule 220 requires that an amended

4   complaint be complete in itself without reference to any prior pleading.  As a general rule, an

5   amended complaint supersedes the original complaint, and once the fifth amended complaint is

6   filed, the prior versions of plaintiff's complaint no longer serve any function in the case.

7       Finally, nothing in this order requires plaintiff to file a fifth amended complaint.  If

8   plaintiff determines that she is unable to amend her complaint in compliance with the court's

9   order and Federal Rule of Civil Procedure 11, she may alternatively file a notice of voluntary

10  dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure

11  41(a)(1)(A)(i) within 28 days.

12  CONCLUSION

13      Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

14      1.  Plaintiff's "fourth amended complaint" (ECF No. 20) is STRICKEN.

15      2.  Verizon Wireless's motion to dismiss (ECF No. 14) is GRANTED, but with leave to

16          amend along the terms outlined in this order.

17      3.  Within 28 days of this order, plaintiff shall file either a fifth amended complaint in

18          compliance with this order or a notice of voluntary dismissal of the action without

19          prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

20      4.  Defendant Verizon Wireless shall file a response to any fifth amended complaint

21          within 28 days of its filing.

22      5.  *Failure to file either a fifth amended complaint in compliance with this order or a*

23          *notice of voluntary dismissal by the required deadline may result in a recommendation*

24          *that the action be dismissed with prejudice pursuant to Federal Rule of Civil*

25          *Procedure 41(b).*

26      IT IS SO ORDERED.

27  Dated:  January 17, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

28