**FILED**

MAR 0 4 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

March 3, 2014

Page (1)
Case No: 2:13-cv-1457-jam-kjn Ps

Mable Steiner
2420 Seamist Drive # 16
Sacramento, CA 95833

Phone: (916)646-6597

United States District Court
Eastern Divisioin
Sacramento, California

Fifth Amended Complaint

Mable Steiner Pro SE

Plaintiff

VS

Cellco Partnership DBA Verizon Wireless

Defendant

CaseNo:2:13-cv-1457-jam-kjn Ps   Mable A. Steiner Pro Se (Date 3/4/2014)

LIST of INJURIES:

Date of injury 5/21/2009

Low Back Pain
Lumbar Degenerative disc Disease
Lumbar Radiculopathy
Neck Pain
CervicaL Degenerative disc isease
Cervical Radiculitis
Knee Pain
Carpal Tunnel Syndrome
Muscle Pain
Depression

These injuries interferes with life functions as follows: lying down
sleeping;walking; sitting;reaching above neck;climbing;thinking ;concentrating
Proper use of hands;standing;sadness; rejection; anxiety;feelings of self worth

8/10/2009: diagnosted with left knee tears,disability was denied by Met Life beyond
10/13/2009 , surgery was not performed until 10/16/2009.

8/27/09: Dr Graham requested that Dr. Laura Anderson give consultation and
treatment for neck injury for releif of low back pain and reaching regarding injury.

11/09/2009 returned to work per Dr Schafer's order and was given work restrictions;
4 hours per day and to elevate my left leg. VZW did not have means to elevate leg
until 6 weeks later. VZW denied pain relief which is a neccesity for life.

11/9/2009 had to elevate my leg by using a trash can and was told by James
Barret my supervisor that VZW wouldn't have any work for me because of my
reduced work schedule, made me feel unworthy and anxious which added to my
depression.

12/02/09: teted positive for nerve root damage of lower back; sactic nerve discomfort
which makes walking more difficult

12/02/2009: study showed bilaterl carpal tunnel syndrome per Dr Reddy's report.
July 2010: Dr Bray's did not report carpal tunnel syndrome .
June 8/ 2012: DR Bray denied carpal tunnel was work related
on 6/10/2013 he noted that carpal tunnel syndrome is a result of
my employment with VZW because of neck pain which interfers with complete use of
my hands. I was denied proper medical treatment.

3/25/2010: Dr Reddy changed wrk status to 2-3 hrs per day at 3 days per week and
        a 5min break per hour worked to keep from sitting to long and to ease pain

CASE NO:2:13-cv-1457-jam-kjn Ps

(pg 3)

## DEPRESSION

09/01/2010: Depressive symptons noted to be attributied as work related at 80% and my ratring is temporeaily totally disabled. 12 to 20 weeks of psychotherapy recommened, which made me feel sad.

on 11/29/2010 I took the letter notifying me to return to work on 12/3/2010 or I would be terminated to Human Resouces and talked with Terri Decker who is an employee or V Z W and was told that regardless of my injuries I was still getting fired.

It added to my depression, beacuse I felt unwothy and thrown away.

Dr. Reddy had given me a return to work of 12/15/2010

Sincverely,

*Mable A. Steiner*

Mable A. Steiner

3/4/2014



STATE OF CALIFORNIA | State and Consumer Services Agency  EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**  PHYLLIS W. CHENG, Director
2218 Kausen Drive | Suite 100 | Elk Grove | CA  95758-7115
(916) 478-7251 | TTY (800) 700-2320 | Videophone for the DEAF (916) 226-5285 | Fax (916) 478-7329
www.dfeh.ca.gov

**EEOC Number:** 846-2011-30777
**Case Name:** Mable A. Steiner v. Verizon Wireless
**Date:** 5/19/2011

| | |
|---|---|
| ☐ H | 4800 Stockdale Hwy., Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 |
| ☐ M | Bay Area Regional Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 |
| ☐ C | 1277 Alluvial Avenue, Suite 101<br>Fresno, CA 93720<br>(559) 244-4760 |
| ☐ R/S | 1055 West Seventh Street,<br>Suite 1400<br>Los Angeles, CA 90017<br>(213) 439-6799 |
| ☑ E | Sacramento District Office<br>2218 Kausen Drive, Suite 100<br>Elk Grove, CA 95758<br>(916) 478-7230 |
| ☐ G | 2570 North First Street, Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 |

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember:  This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

TIMOTHY M. MUSCAT
Chief of Enforcement

DFEH-200-02 (01/11)

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mable A. Steiner
2420 Seamist Dr, Apt. 16
Sacramento, CA 95833

From: San Francisco District Office
350 The Embarcadero
Suite 500
San Francisco, CA 94105

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2011-30777 | Judy Furukawa, Investigator | (415) 625-5615 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Michael Baldonado, District Director

05/01/2013
(Date Mailed)

Celeste Como, Assistant Counsel
Verizon Wireless
One Verizon Way
VC52-N-159
Basking Ridge, NJ 07920

| Claim Number | Task Name | Task Status | Subject/ Comments | Comment Date | Comment | Scheduled Date | Completed Date | Completed By |
|---|---|---|---|---|---|---|---|---|
| | | | | | inpatient for cardiac symptoms and underwent a cardiac cath. | | | |
| | | | | 03/10/2010 | EE seen for re-evaluation by Dr. Reddy. EE reports 20% reduction in pain with ESI, but refused any further injection d/t possible adverse reaction. EE was given Vicodin for pain while hospitalized, which EE reported to Dr. Reddy was more effective than the Darvocet for her pain. 4 hour modified duty was continued. 03/25/2010 visit with Dr. Reddy EE indicated that the Vicodin is better on her pain, but EE is unable to drive while taking this medication. EE also reported that prepping her knee up at work was exacerbating her back pain. EE requested modified duty of 2-3 hours per day 3 days a week due to pain, transportation issues, as well as medication tolerance. No new symptoms were reported at this visit, and the same PE findings were noted. Change in work restriction granted consisting of no lifting over 10 lb, no push/pull over 10 lb, 2-3 hours per | Work Status Given & Accepted | | |

appointment in a few weeks, and we will see her back at that time for a reevaluation.

**Work Status:** The patient will remain under modified work restrictions. No lifting over 10 lbs. Work two to three hours per day. Elevate left knee as needed. Limit overhead work. Five minute stretch breaks every 60 minutes of work. No pushing or pulling over 10 lbs. Three days of work per week.

I declare under penalty of perjury that this is true and correct to the best of my knowledge, and I have not violated Labor Code Section 139.3.

JACIE C. TOUART, P.A.-C.         VINAY M. REDDY, M.D.

JCT:VMR:mw
cc: Jennifer Eason, Esq., Fax: (916) 438-1820

*[Handwritten annotations:]* never given by V. Brizon Wireles. I was scheduled for 5/wk with 4 hrs per day by V2W

changed given on 3/25/10

4420 Duckhorn Drive, Suite 200. Sacramento, CA 95834. 916-419-9900. 916-419-9699 (FAX)