| | |
|---|---|
| 1 | JUDITH DROZ KEYES (CA State Bar No.66408) |
| | ANNE DAHLGREN (CA State Bar No. 261390) |
| 2 | DAVIS WRIGHT TREMAINE LLP |
| | 505 Montgomery Street, Suite 800 |
| 3 | San Francisco, California  94111 |
| | Telephone:     (415) 276-6500 |
| 4 | Facsimile:      (415) 276-6599 |
| | Email:            jkeyes@dwt.com |
| 5 |                  annedahlgren@dwt.com |
| 6 | |
| 7 | Attorneys for Defendant |
| | CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| MABLE STEINER, | ) | Case No. 2:13-cv-1457-JAM-KJN-PS |
| | ) | |
|     Plaintiff, | ) | **DEFENDANT'S NOTICE OF MOTION** |
| | ) | **AND MOTION TO DISMISS** |
| v. | ) | **PLAINTIFF'S FIFTH AMENDED** |
| | ) | **COMPLAINT** |
| VERIZON WIRELESS (VAW) LLC, CELLCO | ) | |
| PARTNERSHIP d/b/a | ) | Date: May 8, 2014 |
| VERIZON WIRELESS, | ) | Time: 10:00 a.m. |
| | ) | Courtroom: 25 |
|     Defendants. | ) | Hon. Kendall Newman |
| | ) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on May 8, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Kendall J. Newman of the United States District Court for the Eastern District of California, located in Courtroom 25, 501 "I" Street, Sacramento, CA 95814, Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon Wireless") will, and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Fifth Amended Complaint ("FAC") filed by Plaintiff Mable Steiner ("Plaintiff" or "Steiner").

The FAC fails to state a cognizable claim in two key respects.  First, as a preliminary matter, Plaintiff raises claims concerning the handling and payment of her workers' compensation claim and claims arising under California Labor Code section 132a, despite lacking any basis to allege jurisdiction for her claims inasmuch as they arise out of, or are related to, a workplace injury, and such claims are covered by California's Workers' Compensation Act, Cal. Lab. Code. § 3200, *et seq.* ("WCA") and within the *exclusive* jurisdiction of the California Workers' Compensation Appeals Board ("WCAB").

Second, the FAC fails to plead facts sufficient to allege a facially plausible claim for relief under the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA").  The FAC states no facts sufficient to support a claim that Verizon Wireless discriminated against Plaintiff due to a disability, but instead states facts relating to Plaintiff's workers' compensation claim which she attempts to reformulate as a disability discrimination claim.  Because the FAC wholly fails to allege sufficient facts to support any of the elements required to bring forth an ADA claim, the Court should dismiss the FAC for failure to state a claim.

This Motion is based upon Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  This Motion also is based upon this Notice, the attached Memorandum of Points and Authorities, and upon such further oral and/or documentary evidence as properly may be presented at or before the time of the hearing.

DATED: April 1, 2014.                     DAVIS WRIGHT TREMAINE LLP
                                          JUDITH DROZ KEYES
                                          ANNE DAHLGREN


                                          By: /s/  Anne Dahlgren
                                              Anne Dahlgren

                                              Attorneys for Defendants

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is a single plaintiff non-complex wrongful termination/disability discrimination lawsuit filed by former Verizon Wireless employee Mable Steiner ("Plaintiff").  The *three-page* Fifth Amended Complaint ("FAC") should be dismissed *with prejudice* for two independent reasons.

First, Plaintiff failed to alleged proper grounds for the Court's jurisdiction as she is required to do.  But regardless, she lacks any basis to allege jurisdiction because her claims are related to, or arise from, a workplace injury and such claims are within the exclusive jurisdiction of the Workers' Compensation Appeals Board ("WCAB").  Second, the FAC fails to plead facts sufficient to allege a facially plausible claim for relief under the ADA.  In spite of four previous attempts to plead such facts and to cure other deficiencies, and despite the Court's simple, plain, and specific instructions telling her what to plead in the FAC to cure previous deficiencies, the current complaint makes only obscure and vague references as to the exact nature of Plaintiff's claims and to the factual allegations in support thereof.   Plaintiff confirmed at the hearing on Defendant's Motion to Dismiss the Third Amended Complaint ("TAC") that she intends to pursue a single claim:  that Verizon Wireless terminated her employment because of a disability in violation of the ADA.  But in support of this claim, Plaintiff continues to recite allegations relating only to the workers' compensation claim she filed long ago, which still is pending.  Indeed, many (if not all) of the factual allegations in the FAC directly relate to Plaintiff's pending workers' compensation case, which do not and cannot support an ADA discrimination claim.  Most importantly, the FAC fails plausibly to allege that Plaintiff was qualified for employment at Verizon Wireless with or without a reasonable accommodation *at the time of her termination*, or that Plaintiff's alleged disability was the basis for Verizon Wireless's decision to terminate her employment.

Accordingly, dismissal of the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") is warranted.

1

## II. RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

In sum, Plaintiff alleges that her former employer, Verizon Wireless, discriminated against her in violation of the ADA by terminating her employment after she allegedly sustained a workplace injury. Plaintiff provides no other *relevant* factual allegations.

Plaintiff filed her original Complaint on July 19, 2013 [Docket Entry # 1], a First Amended Complaint on September 19, 2013 [Docket Entry #6], and a Second Amended Complaint on October 2, 2013 [Docket Entry #7]. Plaintiff then filed the TAC on October 23, 2013 [Docket Entry #10], and served that complaint on Defendant on November 1, 2013. Verizon Wireless moved to dismiss the TAC with prejudice on November 21, 2013 ("Defendant's Motion to Dismiss Plaintiff's TAC") [Docket Entry #14]. On December 30, 2013, Plaintiff filed a Fourth Amended Complaint [Docket Entry #20], which, per a Minute Order issued on January 6, 2014 [Docket Entry #22], the Court construed as Plaintiff's Opposition to Defendant's Motion to Dismiss. On January 16, 2014, the Court granted Defendant's Motion to Dismiss Plaintiff's TAC, with leave to amend along terms outlined in its Order dated January 17, 2014 ("Order Dismissing Plaintiff's TAC") [Docket Entry #25].[1]

On February 6, 2014, Plaintiff filed a letter in which she requested a two week extension to the February 14, 2014, deadline for filing her FAC [Docket Entry #26]. On February 7, 2014, the Court issued an Order interpreting Plaintiff's letter as a Motion for Extension of Time to file the FAC and granting the Extension, setting a new deadline of March 6, 2014, for filing a FAC or a Notice of Voluntary Dismissal of the Action [Docket Entry #27]. Plaintiff filed the FAC on March 4, 2014 [Docket Entry #28].

---

[1] The Court's terms, as stated in the Order Dismissing Plaintiff's TAC, that Plaintiff was instructed to follow in filing the FAC are as follows:  The FAC "shall be captioned "Fifth Amended Complaint;" shall only name defendant Cellco Partnership d/b/a Verizon Wireless as a defendant; shall only assert a claim for disability discrimination under the ADA based on Verizon Wireless's alleged failure to reasonably accommodate plaintiff's disability; and shall not include any claims concerning the handling and payment of plaintiff's workers' compensation claim, or any claim under California Labor Code section 132a." Though the FAC complied with the first two terms, it, as explained herein, fails completely to abide by the substantive requirements of the latter two terms.

2

Defendant's Memorandum in Support of Motion to Dismiss Complaint
Case No. 2:13-CV-1457 JAM KJN PS
DWT 23767244v1 0052051-017139

### III.   LEGAL ARGUMENT

#### A.  Standard of Review

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Indeed, a plaintiff must make factual allegations sufficient to raise a right to relief above the speculative level.  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   Dismissal is therefore proper where there is an absence of sufficient facts alleged under a cognizable legal theory.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).

The law is clear: courts should not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard.  *Shalhout v. CVS, Inc.*, No. 3:11-cv-552, 2011 WL 5170299, at *3 (D. Conn. Oct. 31, 2011) (quoting *Henry v. Davis*, No. 10-cv-7575, 2011 WL 3295986, at *2 n. 5 (S.D.N.Y. Aug. 1, 2011)).  Indeed, even with a *pro se* pleading, courts are advised not to supply essential elements of the claim that were not initially pled by the plaintiff.  *See Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that courts may supply essential elements of the claim that were not initially pled); *Melcher v. U.S. Postal Service*, No. 11-cv-6373-JSC, 2012 WL 3276985, at *3 (N.D. Cal. Aug. 9, 2012) (same).

#### B.  The Court Does Not Have Jurisdiction Over Claims Relating to, or Arising From, Plaintiff's Workplace Injury, which Claims are Time-Barred.

In its Order Dismissing Plaintiff's TAC, the Court instructed Plaintiff to not include in the FAC any claim concerning the handling and payment of her workers' compensation claim, or any claim arising under California Labor Code section 132a.  The Court concluded that, as Defendant had argued in its Motion to Dismiss Plaintiff's TAC, it lacks jurisdiction over Plaintiff's workers' compensation claim and California Labor Code section 132(a) claim because these claims are covered by California's WCA, Cal. Lab. Code § 3200, *et seq*., and fall under the *exclusive*

DAVIS WRIGHT TREMAINE LLP

jurisdiction of the WCAB.  In her FAC, however, Plaintiff disregards the Court's instructions and includes a list of injuries, comments about medical treatment and opinions, and allegations regarding payment decisions related to her workers' compensation case (*see FAC* at 2-3).  To the extent Plaintiff in her FAC is again attempting to assert claims concerning the handling of her workers' compensation claim or a violation of California Labor Code section 132a, these claims are barred by the exclusivity provisions of the WCA, are being pursued before the WCAB, and are time-barred, for the same reasons asserted in Defendant's Motion to Dismiss Plaintiff's TAC and in the Court's Order Dismissing Plaintiff's TAC.

### C. Independent of the Jurisdictional Deficiencies, Plaintiff Also Fails to Allege a Facially Plausible Claim for Relief under the ADA.

Though Plaintiff loosely claims that Verizon Wireless discriminated against her in violation of the ADA (*see FAC* at 2-3), she again fails to plead facts sufficient to state a claim for relief under that statute.  In determining whether a pleading adequately states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim."  *See Iqbal*, 556 U.S. at 675.  To state a claim for disability discrimination under the ADA, a plaintiff must allege facts demonstrating that:  (1) she is disabled under the ADA; (2) she is "otherwise qualified" for an employment position with the defendant with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability or was denied a reasonable accommodation.  *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 (9th Cir. 1999).  Though a plaintiff need not establish a *prima facie* case at the motion to dismiss juncture, a court looks to the required elements of the Plaintiff's cause of action to determine whether the alleged facts state a plausible claim for relief.  *See Twombly*, 550 U.S. at 570.  The *Twombly/Iqbal* standard requires that the court determine whether the factual allegations, when assumed to be true, "plausibly give rise to an entitlement to relief."  *See Iqbal*, 556 U.S. at 664.

In the Court's Order Dismissing Plaintiff's TAC, it concluded that though Plaintiff alleged she was terminated due to a disability resulting from a workplace injury, she failed to plead sufficient facts in support of each of the elements of her ADA claim.  Likewise here, the FAC

4

Defendant's Memorandum in Support of Motion to Dismiss Complaint
Case No. 2:13-CV-1457 JAM KJN PS
DWT 23767244v1 0052051-017139

DAVIS WRIGHT TREMAINE LLP

1  wholly fails to allege facts sufficient to support any of the three required elements to establish a
2  violation of the ADA.

3        First, Plaintiff does not allege that she suffers from a *disability*, as defined by the statute.
4  *See* 42 U.S.C.A. § 12102(1)–(4) (2013).  In its Order Dismissing Plaintiff's TAC, the Court
5  concluded that Plaintiff failed to meet the first element of an ADA claim because her vague
6  references to various medical conditions failed to allege which particular conditions render her
7  disabled and how they substantially limited one or more major life activity.  Similarly here, the
8  FAC vaguely refers to various medical conditions and an ambiguous "list of injuries" relating to
9  Plaintiff's lower back, neck, and knee, among other things, (*see FAC* at 2), but fails to allege facts
10 about any one condition to make a sufficient showing of disability under the ADA.  *See Neely v.*
11 *PSEG Tex. LP*, No. 12-51074, 2013 WL 5942233 (5th Cir. Nov. 6, 2013) (the ADA Amendments
12 of 2008 do not eliminate the need to prove a disability on a claim for discrimination).

13       Second, even if she could show she is disabled under the ADA, Plaintiff does not allege
14 that she was qualified for employment at Verizon Wireless with or without a reasonable
15 accommodation at the time of the alleged adverse action or failure to accommodate.  *See* 42
16 U.S.C.A. § 12111(8)–(10) (2013); 29 C.F.R. § 1630.2(m).  The FAC acknowledges that as of
17 September 1, 2010, Plaintiff was rated "temporearily [sic] totally disabled" (*see FAC* at 3), and is
18 devoid of any allegation that this temporarily totally disabled rating changed any time prior to her
19 termination or that Plaintiff could perform the essential functions of her job prior to or at the
20 termination of her employment on December 3, 2010.  The closest she comes is a claim that "Dr.
21 Reddy had given me a return to work of 12/15/2010," (*see TAC* at 3), presumably meaning that as
22 of December 15, 2010, her doctor gave her permission to return to her job.  This argument
23 conflates medical clearance with the ability to perform adequately at a given job.  *McCormack v.*
24 *Advanced Micro Devices*, No. C-94-20744-RPA, 1994 WL 715655, at *1 (N.D. Cal. Dec. 20,
25 1994) (ADA claim failed because a "green light from the doctor suggests only that [plaintiff] was
26 no longer in danger from a clinical standpoint" but "says very little, if anything, about her ability
27 to adequately carry out her job duties").  Moreover, this allegation would suggest that Plaintiff
28 might have become qualified for the job *after* the termination of her employment on December 3,

DAVIS WRIGHT TREMAINE LLP

5

Defendant's Memorandum in Support of Motion to Dismiss Complaint
Case No. 2:13-CV-1457 JAM KJN PS
DWT 23767244v1 0052051-017139

2010, thereby failing to allege that she could perform the essential functions of her job at the time of her termination, as is required in order to state a claim of discrimination in violation of the ADA.  *See* 42 U.S.C.A. § 12111(8)–(10).[2]  In its Order Dismissing Plaintiff's TAC, the Court found that Plaintiff failed to allege that she was qualified, with or without a reasonable accommodation, to perform the essential functions of her job around the time of her termination and therefore failed to meet the second element of an ADA claim.  Here, Plaintiff fails to meet the second element of an ADA claim in the FAC for these same reasons.

Third, Plaintiff does not allege any facts suggesting either that her termination was causally related to her alleged disability or that she was denied a reasonable accommodation.  Instead, the FAC contains only the vague allegation that Plaintiff "talked with Terri Decker who is an employee or V Z W [sic] and was told that regardless of my injuries [she] was still getting fired" (*TAC* at 3), without making clear whether or how the injuries relate to her alleged disability or how the termination allegedly was connected to the alleged disability.  As in the TAC, the FAC presents no *factual* allegations to support a claim that Verizon Wireless terminated Plaintiff's employment *because of* a disability.  It is not enough to merely allude that the termination was the result of getting hurt on the job, without a further factual explanation of the who, what, when, or how to support the legal theory.  As the Court concluded in its Order Dismissing Plaintiff's TAC, Plaintiff need not necessarily provide detailed factual allegations at this juncture, but must at least provide some factual allegation that she suffered an adverse employment action because of her disability or was denied a reasonable accommodation, in support of the third element of her ADA claim.  The FAC fails to provide any such factual allegation.

To the extent Plaintiff may have intended to claim that Verizon Wireless violated the ADA by failing to reasonably accommodate her disability, she again fails to allege whether she sought an accommodation during her employment, what such requested accommodations were, or how

---

[2] Assuming for the sake of this Motion only that Plaintiff *was* able to perform the essential functions of her job on or around December 15, 2010, she makes no allegation that she communicated to Defendant at or around the time of her December 3, 2010, termination that she would be able to return to work and perform the essential functions of her job in the imminent future, despite her allegation that she spoke with a Verizon Wireless employee at that time.

such requested accommodations would have allowed her to perform the essential functions of her job, let alone that such a request was unreasonably denied. *Buckingham v. United States*, 998 F.2d 735, 742–43 (9th Cir. 1993). As argued in Defendant's Motion to Dismiss Plaintiff's TAC, the employee bears the burden of proving that a particular accommodation would permit her to perform the essential functions of the position and that the requested accommodation is reasonable in light of the employer's circumstances. *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400-02 (2002). The facts alleged in the FAC, or lack thereof, are analogous to those in the complaint filed in *Lindsey v. Claremont Middle School*, where the plaintiff similarly made conclusory allegations devoid of any factual support and vaguely referred to his medical condition involving diabetes by alleging he "was refused the right to take [his] diabetic medicine." No. C 12-02639-LB, 2012 WL 5988548, at *3 (N.D. Cal. Nov. 29, 2012). There, the district court dismissed plaintiff's disability discrimination claim, holding that the complaint did not sufficiently allege that plaintiff had a disability and did not shed enough light on what happened or how the defendant's conduct related to the alleged disability.

When faced with similar bare recitals in pleadings, courts routinely grant motions to dismiss ADA claims. *See, e.g.*, *Shalhout*, *supra*, 2011 WL 5170299, at *3 (plaintiff failed to plead facts sufficient to state a plausible claim where he alleged he was disabled and terminated as a result of his disability but failed to allege other facts, such as that the individuals who terminated him were aware of his disability); *Melcher*, *supra*, 2012 WL 3276985 at *3 (even under the liberal standards applied to *pro se* complaints, plaintiff's allegations that he had a disability and that the employer failed to allow him to work for several months did not provide a basis to conclude that the reason the employer did not allow him to work was because of his disability). Here, the FAC contains even fewer factual allegations than the complaints dismissed by the above-mentioned courts for failure to state a plausible claim. As such, this motion should be granted.

## IV.   CONCLUSION

The plain facts underlying Plaintiff's FAC do not support any cognizable claim against Verizon Wireless. Despite having been notified by the Court, in its Order Dismissing Plaintiff's TAC, of the specific deficiencies of her ADA claim, Plaintiff in the FAC fails to cure the

7

deficiencies of the TAC – specifically, she again fails to plausibly allege that her alleged disability was the basis for Verizon Wireless's decision to terminate her employment, and continues to rely solely on allegations pertinent only to her claims properly brought before the WCAB, despite the Court's instruction to not include in her FAC any such claims.  For these reasons, Verizon Wireless respectfully requests that this Court dismiss the FAC.  Because Plaintiff has already amended her complaint four times without curing deficiencies, and because the FAC fails to abide by the terms outlined simply and plainly by the Court in its Order Dismissing Plaintiff's TAC, further amendment would be futile, and dismissal with prejudice is both appropriate and warranted.

DATED April 1, 2014.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
JUDITH DROZ KEYES
ANNE DAHLGREN


By:  /s/  Anne Dahlgren
     Anne Dahlgren

Attorneys for Defendants