4/21/2014

CASE NO. 2:13-cv-1457-JAM-JN-PS

Mable Steiner
2420 Seamist Drive #16
Sacramento, California 95833
Telephone:(916) 745-5410



Mable Steiner PRO SE

UNITED STATES DISTREICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

Mable Steiner,

    Pliantiff

    VS

Cellco Partnership d/b/a Verizon Wireless

    Defendant

RESPOND TO DEFENDANTS MOTION TO DISMISS

Defendants request to dismiss 5th amended complaint under FRCP12(b)(6) should be denied, with prejudice.

## FACTS

(1) United States District Court Eastern Division in Sacramento has jurisdicition under the ADA. Defendant alleges that jurisdiction is related to WCA filed by Plaintiff. WCA confirmed that an ADA claim can be filed while WCA is still being reviewed. ADA claim was filed after my termination by defendant on 12/3/2010.

(2) Defendant claims that a disability under the ADA has not been proven by Plaintiff. Plaintiff received disability from fall at work on 5/21/2009. List of disabilities and the effect the disability has on neceessary life functions, were included in 5th amended complaint by plaintiff.

(3) Defendent alleges that plaintiff did not request reasonable accomodations. Reasonable accomodations was requested by plaintiff and was granted by Dr. Reddy and was granted on plaintiffs request. Request for 3 days per week at 2-3 hours per day, also to include 5 minute break per one hour worked was never honored by defendant (VZW).
3/25/2010 and Met life (who handles VZW diasabilty complaints for vzw employees) okayed
I was terminated on 12/3/2010.

(4) The modified work schedule was given for relief from sitting too long to ease pain. The five minute break was given to ease pain by strecthing

(5) Defendant alleges that modified work schudule was made after my termination by VZW on 12/3/2010. Doctor's notes to follow on later date according to the Hon. Kendall Newman, at hearing on (1/16/2014) to confirm or deny this date. At the Hearng on 1/16/2014 the Hon. Kendall Newman noted he didnt want to read a book or entertain Dr's notes at this time.

(6) Defendant is still using WCA as a reason to dismiss 5th amended claim related in complaint to dismiss.

(7) Defendant alleges that reduced work schudule did not clarify my ability    to perform my job. VZW never gave reduced work schudule to see if I was capable of performing my job duties.

(8) I was told by my supervisor (James Barrett) that because of my reduced work schudule their would not be any work for me, this was before I was terminated, also Terri Decker, whom works in H.R at VZW, that regardless of my injuries they were going to fire me, this was on 11/29/2010.

(9) Defendant alluded to time barred. All complaints were filed within time constraints according to the EEOC and The Federal Court.

Case No. 2:13-cv-1457-JAM-PS                                                                          page (2)

## IN CONCLUSION

ADA states an employee that sustains a disability while on the Job and is denied reasonable accommodations and is later fired is a violation of my civil rights under ADA, that an employer is restricted as to firing of a employee that receives injuries that leads to disability while on the job.

My injuries was listed in 5th Amended compliant and those injuries interference with life functions were listed.

Prio to getting hurt on the job i knew what was expected as far as job requirements, because on 5/21/09 the date of my injury, I had just finished my training for customer service rep. According to the Hon. Kendall Newman on 1/16/2014 all Doctor's notes to verify my injuries will be presented at a later time.

Defendants in their request to dismiss 5th amended complaint, that plaintiff mentioned WCA, plaintiff never did allude to WCA at any time in the 5th amended claim.

Notes from doctor's: Reddy; Schaeffer; Bray will confirm disabilities; their effect on life functiions, and that defendant was aware of these disabilities though Met LIfe who handles VZW employees claims.

Sincerely,

*Mable Steiner*

Mable Steiner