UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABLE STEINER, | No. 2:13-cv-1457-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| VERIZON WIRELESS, | |
| Defendant. | |

INTRODUCTION

Presently pending before the court is defendant Cellco Partnership d/b/a Verizon Wireless's ("Verizon Wireless") motion to dismiss plaintiff Mable Steiner's fifth amended complaint, which was noticed for hearing on May 8, 2014.  (ECF No. 29.)[1]  On April 22, 2014, plaintiff filed an opposition to the motion to dismiss, and on May 1, 2014, Verizon Wireless filed a reply brief.  (ECF Nos. 31, 32.)  At the May 8, 2014 hearing, plaintiff appeared representing herself, and attorney Anne Dahlgren appeared on behalf of defendant Verizon Wireless.  After considering the parties' written briefing, the parties' oral argument, the court's record, and the

---

[1] All parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (ECF Nos. 12, 36), and the action was referred to the undersigned for all further proceedings and entry of final judgment.

1

applicable law, the court grants Verizon Wireless's motion to dismiss and dismisses the action with prejudice.

BACKGROUND

<u>Plaintiff's Factual Allegations in the Fifth Amended Complaint</u>

The background facts are generally taken from the operative fifth amended complaint, unless otherwise noted. (<u>See</u> Fifth Amended Complaint, ECF No. 28 ["FAC"].) Plaintiff, a former customer service representative employee of Verizon Wireless, alleges that she suffered a workplace injury[2] on May 21, 2009, for which a workers' compensation claim was filed. (FAC at 2; ECF No. 29-1 ["Amended Petition Re Discrimination Pursuant to Labor Code § 132a"].)[3] Based, at least in part, on that workplace injury, plaintiff claims to suffer from low back pain, lumbar degenerative disc disease, lumbar radiculopathy, neck pain, cervical degenerative disc disease, cervical radiculitis, knee pain, carpal tunnel syndrome, muscle pain, and depression. (FAC at 2.) She alleges that these conditions or symptoms "interferes [sic] with life functions as follows: lying down; sleeping; walking; sitting; reaching above neck; climbing; thinking; concentrating; [p]roper use of hands; standing; sadness; rejection; anxiety; feelings of self worth." (<u>Id.</u>)

On November 9, 2009, plaintiff was released by a Dr. Schafer to return to work with restrictions of only working 4 hours per day and a need to elevate her left leg. (FAC at 2.) According to plaintiff, she had to use a trash can to elevate her leg, because Verizon Wireless "did not have means to elevate leg until 6 weeks later." (<u>Id.</u>) Plaintiff's supervisor, James Barret,

---

[2] In her opposition brief, plaintiff describes the workplace injury as a "fall at work on 5/21/2009." (ECF No. 31 at 2.)

[3] The court takes judicial notice of plaintiff's "Amended Petition Re Discrimination Pursuant to Labor Code § 132a" filed before the California Workers' Compensation Appeals Board, which was attached to Verizon Wireless's motion to dismiss, pursuant to Federal Rule of Evidence 201(b). (ECF No. 29-1.) The amended petition is a public record that is "not subject to reasonable dispute" and its existence is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In any event, plaintiff does not dispute the existence of her workers' compensation case and Labor Code section 132a claim, and the court only takes judicial notice of the existence of the claim and not the truth of the matters contained in the claim.

allegedly also told plaintiff that Verizon Wireless would not have work for plaintiff due to her reduced work schedule, which made plaintiff feel unworthy, anxious, and depressed. (Id.)

Subsequently, on March 25, 2010, plaintiff requested a Dr. Reddy to modify her work restrictions to working 2-3 hours per day for 3 days a week due to pain, transportation issues, and medication tolerance issues. (FAC at 6.) Dr. Reddy modified her work restrictions to "[n]o lifting over 10 lbs. Work two to three hours per day. Elevate left knee as needed. Limited overhead work. Five minute stretch breaks every 60 minutes of work. No pushing or pulling over 10 lbs. Three days of work per week." (Id. at 2, 6-7.) At the time of that modification, plaintiff was scheduled to work 5 days a week for 4 hours per day, and plaintiff indicates that Verizon Wireless refused to honor Dr. Reddy's increased restrictions of working only 2-3 hours per day for 3 days a week. (Id. at 7.)

At some point after that, plaintiff stopped working and was allegedly found to be temporarily totally disabled by depressive symptoms as of September 1, 2010. (FAC at 3.) Thereafter, plaintiff was purportedly notified by letter that she was required to return to work on December 3, 2010, or be terminated. (Id.) According to plaintiff, on November 29, 2010, a Verizon Wireless human resources employee, Terri Decker, told plaintiff that plaintiff would be terminated if she did not return to work by December 3, 2010, regardless of plaintiff's injuries. (Id.) Plaintiff states that this notification added to her depression and made her feel unworthy and "thrown away." (Id.)

Ultimately, on December 3, 2010, plaintiff was terminated. (ECF Nos. 29-1 at 2; 31 at 2.) According to plaintiff, thereafter she was given a return to work by Dr. Reddy for December 15, 2010. (FAC at 3.) Liberally construed, plaintiff's fifth amended complaint alleges that Verizon Wireless failed to reasonably accommodate, and terminated plaintiff as a result of, plaintiff's disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

Procedural History of the Case

Plaintiff commenced this action by filing her original complaint on July 19, 2013. (ECF No. 1.) After the court denied without prejudice her application to proceed *in forma pauperis*,

3

1    plaintiff paid the filing fee.  (ECF No. 3.)  On September 19, 2013, plaintiff filed a first amended
2    complaint as a matter of course, and then on October 2, 2013, filed an unauthorized second
3    amended complaint.  (ECF Nos. 6, 7.)  Thereafter, on October 11, 2013, plaintiff filed a motion to
4    further amend her complaint.  (ECF No. 8.)  In an October 17, 2013 order, the court granted
5    plaintiff's motion, but cautioned her that a plaintiff is only permitted one amendment as a matter
6    of course, that plaintiff must seek leave of court pursuant to the Federal Rules of Civil Procedure
7    and the court's Local Rules prior to amending her complaint in the future, and that future
8    unauthorized amended complaints may be summarily stricken.  (ECF No. 9.)  On October 23,
9    2013, plaintiff then filed the third amended complaint, which was served on Verizon Wireless.
10   (ECF No. 10.)

11          Subsequently, on November 21, 2013, Verizon Wireless filed a motion to dismiss the
12   third amended complaint.  (ECF No. 14.)  On December 30, 2013, plaintiff filed an unauthorized
13   fourth amended complaint, and Verizon Wireless filed a reply brief in support of its motion to
14   dismiss on January 9, 2014.  (ECF Nos. 20, 23.)  A hearing on the motion to dismiss was
15   conducted on January 16, 2014, at which both parties appeared and presented oral argument.
16   (ECF No. 24.)

17          On January 17, 2014, the court issued an order striking plaintiff's fourth amended
18   complaint.  (ECF No. 25.)  However, the court noted that, in light of plaintiff's *pro se* status, the
19   court had construed plaintiff's fourth amended complaint as an opposition to Verizon Wireless's
20   motion to dismiss the third amended complaint, and had considered any factual allegations and
21   arguments made in that document with respect to whether further leave to amend should be
22   granted.  (Id.)  After considering the parties' written and oral arguments, the court granted
23   Verizon Wireless's motion to dismiss, but with leave to amend.  (Id.)  The court granted plaintiff
24   28 days to file a fifth amended complaint addressing the pleading deficiencies outlined in the
25   court's order.  (Id.)  Plaintiff was further cautioned that the court would be disinclined to allow
26   any further amendments.  (Id.)

27          Thereafter, plaintiff sought and obtained an extension of time to file an amended pleading,
28   and the operative fifth amended complaint was eventually filed on March 4, 2014.  (ECF Nos. 26-

4

28.)  The instant motion to dismiss was then filed on April 1, 2014.  (ECF No. 29.)

LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071.

The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).  However, "[t]he district court's

discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

DISCUSSION

Workers' Compensation Claims

As an initial matter, the court notes that Verizon Wireless construes plaintiff's fifth amended complaint as also possibly asserting claims concerning the handling of her workers' compensation claim or a violation of California Labor Code section 132a.

As the court noted in its previous order granting Verizon Wireless's motion to dismiss plaintiff's third amended complaint, the court lacks jurisdiction over any claim or dispute concerning the handling and payment of plaintiff's workers' compensation claim, which would generally fall under the exclusive jurisdiction of the Workers' Compensation Appeals Board. (ECF No. 25 at 5-6.) "[I]t is well established that disputes which arise over the handling of compensation claims 'fall within the scope of the [workers' compensation] exclusive remedy provisions because this process is tethered to a compensable injury.'" Gomes v. Michaels Stores, Inc., 2006 WL 3348205, at *3 (E.D. Cal. Nov. 16, 2006) (unpublished) (citing Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund, 24 Cal. 4th 800, 813 (2001)); see also Marsh & McLennan, Inc. v. Superior Court, 49 Cal. 3d 1, 8 (1989) (explaining that the workers' compensation system "encompasses all disputes over coverage and payment," whether they result from actions taken by the employer or the employer's insurance carrier).

Furthermore, any California Labor Code section 132a claim alleging that plaintiff was terminated because she filed for workers' compensation benefits or because she suffered a work-related injury likewise falls under the exclusive jurisdiction of the Workers' Compensation Appeals Board.  Cal. Lab. Code § 132a ("The appeals board is vested with full power, authority, and jurisdiction to try and determine finally all matters specified in this section subject only to judicial review"); Charles J. Vacanti, M.D., Inc., 24 Cal. 4th at 817 (holding that the Workers' Compensation Appeals Board is "the exclusive forum for pursuing a section 132a claim"); Dutra v. Mercy Medical Center Mt. Shasta, 209 Cal. App. 4th 750, 755 (2012) ("Obviously, a trial court has no jurisdiction to hear a civil cause of action for an employer's breach of Labor Code section 132a.").

Given the inclusion of allegations that plaintiff was denied proper medical treatment for some of her conditions, it was not unreasonable for Verizon Wireless to attempt to liberally construe plaintiff's fifth amended complaint as asserting claims concerning the handling of her workers' compensation claim or a violation of California Labor Code section 132a.  However, the court concludes that plaintiff merely included such allegations as background facts, and thus did not violate the court's prior order to omit workers' compensation-type claims from any fifth amended complaint.  In her opposition to the present motion to dismiss, plaintiff makes clear that her sole claim in this federal action is an ADA claim, and she again confirmed this at the hearing. (ECF No. 31.)  Courts have held that federal ADA claims are not subject to the exclusive remedy provision of California's workers' compensation scheme.  Dunlap v. Assoc. of Bay Area Gov'ts, 996 F. Supp. 962, 967 (N.D. Cal. 1998); Wood v. Cnty. of Alameda, 875 F. Supp. 659, 665-66 (N.D. Cal. 1995).  Accordingly, the court construes the fifth amended complaint as asserting a single claim under the ADA, alleging that Verizon Wireless failed to reasonably accommodate, and terminated plaintiff as a result of, plaintiff's disability.

ADA Claim

Verizon Wireless argues that, despite plaintiff's efforts to amend her prior complaints, plaintiff's fifth amended complaint still fails to state a plausible claim under the ADA.  That argument has merit.

7

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity…." 42 U.S.C. § 12112(b)(5)(A).   A disability, with respect to an individual, is defined as:  "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment…." 42 U.S.C. § 12102(1).  A disabled individual is otherwise "qualified" if he or she, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).  A "reasonable accommodation" may include "(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9).

To establish a prima facie claim under Title I of the ADA, an employee must establish (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job that she holds or seeks; and (3) that she has suffered an adverse employment decision because of her disability. See Gomez v. American Bldg. Maintenance, 940 F. Supp. 255, 257 (N.D. Cal. 1996) (citing Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1354 (9th Cir. 1996)).  To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff need not prove, or submit evidence in support of, her prima facie case – she need only allege facts that, if accepted as true, state a plausible ADA claim.  Iqbal, 556 U.S. at 678.

1    In its previous order granting Verizon Wireless's motion to dismiss plaintiff's third
2 amended complaint, the court concluded that plaintiff had failed to plead sufficient facts in
3 support of each of the required elements of an ADA claim.  That order discussed the above-
4 mentioned legal authorities, outlined the required elements of an ADA claim, and found it
5 appropriate to grant plaintiff an additional opportunity to cure the pleading deficiencies in light of
6 the court's instructions.  (See ECF No. 25 at 6-9.)  The court directed plaintiff to "plead sufficient
7 factual allegations in support of each required element of her ADA claim." (Id. at 9.)

8    Even assuming, without deciding, that the fifth amended complaint adequately alleges
9 that plaintiff is disabled within the meaning of the ADA, and that she suffered an adverse
10 employment decision causally related to her disability, defendants correctly contend that the fifth
11 amended complaint fails to allege any facts to show that plaintiff was qualified, with or without
12 reasonable accommodation, to perform the essential functions of her position.

13    As defendants point out, according to plaintiff's own allegations, she was deemed
14 temporarily totally disabled as of September 1, 2010, and only released by Dr. Reddy to return to
15 work on December 15, 2010, which was after the date of her termination on December 3, 2010.
16 (FAC at 3.)  Thus, plaintiff's complaint on its face indicates that she was not qualified to perform
17 the essential functions of her job, with or without reasonable accommodation, at the time of her
18 termination.  Plaintiff does not allege, for example, that she communicated to Verizon Wireless at
19 or before the time of her December 3, 2010 termination that she would be able to return to work
20 and perform the essential functions of her job in the imminent future.[4]

21    Moreover, although plaintiff alleges that Dr. Reddy released her to return to work on
22 December 15, 2010, the fifth amended complaint does not indicate what work restrictions, if any,

---

[4] Indeed, it seems unlikely that plaintiff could so allege in good faith, because in prior versions of her complaint, plaintiff indicated that Dr. Reddy had requested plaintiff to return to his office for *reevaluation* on December 15, 2010 (ECF Nos. 10 at 2; 20 at 2), thus reasonably suggesting that plaintiff could not plausibly have assured Verizon Wireless that she would be returning to work imminently prior to obtaining the results of the evaluation on December 15, 2010.  Although these prior pleadings have been supplanted by the fifth amended complaint and no longer serve as operative pleadings, the court considers them only for the limited purpose of determining whether further leave to amend should potentially be granted.

were imposed at that time, and does not provide any factual allegations showing that plaintiff could perform the essential functions of her job, even as of December 15, 2010.  See McCormack v. Advanced Micro Devices, 1994 WL 715655, at *1 (N.D. Cal. Dec. 20, 1994) (unpublished) (finding that the plaintiff in that case "conflate[d] medical clearance with the ability to perform adequately at a given job.  The green light from the doctor suggests only that McCormack was no longer in danger from a clinical standpoint.  It says very little, if anything, about her ability to adequately carry out her job duties at AMD.")  At the hearing, plaintiff represented that, since March 25, 2010, no doctor has opined that plaintiff could work more than the 2-3 hours per day, 3 days per week restrictions imposed by Dr. Reddy on March 25, 2010.  As such, based on plaintiff's representations, those restrictions also applied when she was cleared to return to work on December 15, 2010.

To the extent that plaintiff bases her ADA claim on Verizon Wireless's failure to honor Dr. Reddy's March 25, 2010 restrictions, whether at that time and/or at some later point, plaintiff fails to allege any facts from which to draw a reasonable inference that plaintiff would have been qualified to perform the essential functions of her position, despite those restrictions.  This is fatal to plaintiff's ADA claim, especially given the severity of the restrictions at play (2-3 hours per day for only 3 days a week, with hourly breaks) (FAC at 7), which common sense dictates would make it very difficult to perform most occupations on the labor market.[5]  Plaintiff does not, for example, allege that Verizon Wireless frequently offers arrangements for such flexible and limited work hours to other employees, or any other facts suggesting that the essential functions of plaintiff's position could be satisfactorily accomplished under such conditions.  Upon further inquiry by the court at the hearing, plaintiff acknowledged that she was not aware of whether any other Verizon Wireless employees were permitted to work a similar type of schedule or work under similar restrictions, but nonetheless insisted that it was Verizon Wireless's duty under the

---

[5] In her opposition, plaintiff suggests that because Verizon Wireless never gave plaintiff a reduced schedule in accordance with Dr. Reddy's March 25, 2010 restrictions, it was not possible "to see if I was capable of performing my job duties." (ECF No. 31 at 2.)  But as noted above, it is *plaintiff's duty* to plead at least some facts indicating that she was able to perform the essential functions of her job with the requested restrictions.

1  ADA to accommodate plaintiff based on the restrictions imposed by her doctor.

2  Plaintiff misunderstands an employer's obligations under the ADA. While plaintiff was understandably upset and unhappy about Verizon Wireless's alleged failure to honor Dr. Reddy's March 25, 2010 restrictions, as well as by alleged statements that plaintiff would be terminated despite her injuries, these actions do not give rise to an ADA claim unless plaintiff can plead facts indicating that she was qualified to perform the essential functions of her position with the requested accommodations. As another California federal district court has observed:

> [A]n employer is not required to hire or retain an employee who is not qualified to perform a job. It therefore follows that an employer need not make an accommodation for an individual who is not otherwise qualified…For example, an employer is not required to create a new position to accommodate the disabled worker, or to reallocate essential functions…Nor can an employer be required to hire a full-time employee to assist the disabled employee,…or to promote an individual with a disability as an accommodation…The ADA prohibits discrimination against qualified individuals, no more and no less. It does not require affirmative action in favor of individuals with disabilities, in the sense of requiring that disabled persons be given priority in hiring or reassignment over those who are not disabled.

Gomez, 940 F. Supp. at 259-60 (internal citations and quotation marks omitted).

The court's prior order granting Verizon Wireless's motion to dismiss plaintiff's third amended complaint specifically notified plaintiff that she was required to allege how any requested accommodations denied by Verizon Wireless "would have allowed plaintiff to perform the essential functions of her position. While plaintiff need not necessarily provide detailed factual allegations at this early juncture, she must provide at least some factual allegations in support of each element of her ADA claim, thereby allowing the court to draw the reasonable inference that Verizon Wireless is liable under that statute." (ECF No. 25 at 8.) Plaintiff's fifth amended complaint again plainly fails to allege any facts to show that plaintiff was qualified, with or without reasonable accommodation, to perform the essential functions of her position. Notably, even in her opposition to Verizon Wireless's present motion, plaintiff fails to provide such factual allegations, merely indicating that "prior to getting hurt on the job I knew what was expected as far as job requirements, because on 5/21/09 the date of my injury, I had just finished my training for customer service rep." (ECF No. 31 at 3.)

11

In light of the above, the court concludes that plaintiff's fifth amended complaint fails to allege sufficient facts that, if accepted as true, state a plausible ADA claim.[6] Therefore, the court grants Verizon Wireless's motion to dismiss.

Leave to Amend

After careful consideration, the court concludes that granting plaintiff further leave to amend is not appropriate at this juncture.

Plaintiff has already had numerous opportunities to amend her complaint. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Moreover, in its previous order dismissing plaintiff's third amended complaint with leave to amend, the court outlined the applicable law and provided plaintiff with specific instructions on

---

[6] At the hearing, plaintiff suggested that her failure to include all her doctor's notes with the fifth amended complaint should not be held against her, because the court had previously instructed plaintiff that it was not necessary to submit them all with the fifth amended complaint. Indeed, the court advised plaintiff that:

> Plaintiff should not attach excessive exhibits to any fifth amended complaint. The fifth amended complaint need only set forth the *alleged facts* in support of plaintiff's ADA claim and need not include any documentary evidence, which may be presented at a later point in the case. While plaintiff may attach some limited, relevant exhibits to her complaint, such as any related administrative petitions and right-to-sue letters, plaintiff shall not attach evidentiary material (e.g. medical records, e-mails, letters, etc.) or other irrelevant documents. Instead, if, for example, an evidentiary document (such as a letter) contains an important fact, plaintiff should attempt to include that fact in her allegations as part of the main body of the fifth amended complaint, instead of attaching the entire document to the complaint as an exhibit. Importantly, defendant Verizon Wireless and the court should be able to understand plaintiff's claim and the facts in support of that claim from reading the main body of plaintiff's fifth amended complaint, and without having to review numerous exhibits to the complaint.

(ECF No. 25 at 9-10 & n.6) (emphasis in original). Consistent with the court's prior order, the court does not now somehow fault plaintiff for failure to include her doctor's notes as part of the fifth amended complaint. The court dismisses the fifth amended complaint, because it does not contain sufficient *factual allegations* to show that plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation. Even if plaintiff had included her doctor's notes, they would not have cured that deficiency.

12

how to allege a cognizable ADA claim. Thus, plaintiff has already been notified of the present deficiencies of her ADA claim and given an opportunity to cure them, but failed to do so. Further questioning of plaintiff at the hearing confirmed that it was implausible that plaintiff would be able to cure her claim through further amendment. As such, the court finds that granting further leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Finally, given that Verizon Wireless has already incurred the expenses of two motions to dismiss based on plaintiff's failure to adequately plead her ADA claim, the court concludes that potential prejudice to Verizon Wireless also militates against granting further leave to amend.

CONCLUSION

The court is not unsympathetic to plaintiff's alleged medical condition, and the difficulties that may result from it. However, for the reasons outlined above, the court concludes that plaintiff fails to state a claim under the ADA against Verizon Wireless.

Accordingly, IT IS HEREBY ORDERED that:

1. Verizon Wireless's motion to dismiss (ECF No. 29) is granted.

2. The action is dismissed with prejudice.

3. The Clerk of Court shall vacate all dates and close this case.

IT IS SO ORDERED.

Dated: May 14, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE