UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABLE STEINER, | No.  2:13-cv-1457-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| VERIZON WIRELESS, | |
| Defendant. | |

After all parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (ECF Nos. 12, 21, 36), this action was referred to the undersigned for all further proceedings and entry of final judgment on May 13, 2014.  (ECF No. 38.)  That same day, plaintiff filed a form declining to consent to the jurisdiction of a United States Magistrate Judge, which the court construes as a request to withdraw her prior consent to the undersigned's jurisdiction.  (ECF No. 39.)

The Ninth Circuit Court of Appeals has held that "[o]nce a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  Here, plaintiff has not shown any extraordinary circumstances warranting withdrawal of the reference to the undersigned.  Plaintiff consented to the jurisdiction of a United States Magistrate Judge on two prior occasions in this case (ECF Nos.

1

1  12, 21), and there is no indication that such consent was somehow coerced or otherwise
2  involuntary.  It appears that plaintiff's present attempt to withdraw consent was based on the
3  court's indication at the hearing on defendant's motion to dismiss that the case would be
4  dismissed.  However, dissatisfaction with the court's ruling is not grounds for withdrawal of
5  consent, and such opportunistic procedural maneuvering would be prejudicial to defendant and
6  not in the interests of justice.

       Accordingly, plaintiff's request to withdraw her prior consent to the undersigned's jurisdiction (ECF No. 39) is DENIED.

       IT IS SO ORDERED.

Dated:  May 15, 2014

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2